## BAGGS *v.* MARTIN.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 205. Submitted October 29, 1900.—Decided December 3, 1900.

The receiver in this case, having voluntarily brought this case into the Circuit Court, by whose appointment he held his office, cannot, after that court has passed upon the matter in controversy, be heard to object to the power of that court to render judgment therein.

THIS was a cause brought to this court on a certificate from the judges of the Circuit Court of Appeals of the Eighth Circuit. A statement of the facts and the questions put will be found in the opinion of the court.

*Mr. A. M. Stevenson* for plaintiff in error.

*Mr. E. H. Wilson, Mr. E. Keeler* and *Mr. H. N. Sales* for defendants in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

Edward C. Baggs was, on July 1, 1898, duly appointed receiver of the Denver City Railroad Company, a corporation of the State of Colorado, by the Circuit Court of the United States for the District of Colorado, in an action brought in said court by the Central Trust Company, a corporation of the State of New York. While Baggs, as such receiver, was managing and operating said road one Mary E. Martin, while a passenger on the railroad, received injuries, on account of which she died on August 7, 1898. Albert G. Martin, Harry D. Martin and Herman H. Martin brought an action in the district court for the county of Arapahoe, State of Colorado, against Edward C. Baggs, as receiver of the Denver City Railroad Company, alleging that their mother, Mary E. Martin, had received fatal injuries by the fault and negligence of certain persons in the employ of said receiver engaged in operating said road, and claiming damages, in accordance with the laws of the State of Colorado, against Edward C. Baggs in his capacity as receiver. Thereafter, on September 19, 1898, and within due time, the receiver presented his petition and bond to the district court for the county of Arapahoe, praying for the removal of said cause from said court to the Circuit Court of the United States for the District of Colorado, on the alleged ground that the said action was one arising under the laws of the United States, and was ancillary to said action and proceeding in said Circuit Court of the United States for the District of Colorado, wherein said Central Trust Company of New York was complainant and said Denver City Railroad Company was defendant. This application to remove was granted, and thereafter a trial of said cause was had in the Circuit Court of the United States, and a verdict and judgment were recovered against the said Edward C. Baggs, as receiver of the Denver City Railroad Company, in the sum

of three thousand dollars. Thereafter, and in due season, the record in said cause was duly removed, by writ of error, to the United States Circuit Court of Appeals for the Eighth Circuit, where it still remains, the cause being as yet undecided. Whereupon the following questions have been certified to us by the judges of the said Circuit Court of Appeals:

"First. In view of the provisions contained in section 3 of the judiciary act approved March 3, 1887, 25 Stat. 436, permitting receivers appointed by any court of the United States to be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver is appointed, was it competent for said Edward C. Baggs, as receiver of the Denver City Railroad Company, to remove said cause from the district court of Arapahoe County, wherein he was sued, to the Circuit Court of the United States for the District of Colorado?

"Second. Did said Circuit Court for the District of Colorado, by virtue of the aforesaid removal, acquire lawful jurisdiction of said cause, and power to render the aforesaid judgment therein?"

It may be, as contended on behalf of the plaintiff in error, that the mere order of the Circuit Court of the United States appointing a receiver for a corporation created by the law of a State, at the suit of a citizen of another State, and where the jurisdiction of the Circuit Court depended on the diverse citizenship of the parties, did not create a Federal question under section 709 of the Revised Statutes, and that, accordingly, the removal of this cause from the state to the Federal court, for the sole reason that the defendant, seeking the removal, had been so appointed, was not well founded. *Bausman* v. *Dixon*, 173 U. S. 113.

But, without entering into that subject, or the question of the scope and effect, as respects jurisdiction, of the act of March 3, 1887, permitting receivers appointed by any court of the United States to be sued without the previous leave of the court in which he had been appointed, we think that, in the present case, the receiver, having voluntarily brought the cause into the

Circuit Court by whose appointment he held his office, cannot, after that court has passed upon the matter in controversy, be heard to object to the power of that court to render judgment therein.

We do not mean to be understood to say that mere consent, or even voluntary action by the parties, can confer jurisdiction upon a court which would not have ·possessed it without such consent or action. But here the Circuit Court had, independently of the citizenship of the parties in the damage suit, jurisdiction over the railroad and its property in the hands of its receiver. It may be that its jurisdiction was not, by reason of the act of March 3, 1887, exclusive of that of other courts in controversies like the present one. But when the receiver, waiving any right he might have had to have the cause tried in a state court, brought it before the court whose officer he was, he cannot successfully dispute its jurisdiction. The claim was against him as receiver, and if successfully asserted, would affect the property of the Denver City Railroad Company, which was in course of administration by the Circuit Court of the United States for the benefit of its creditors, among whom were the defendants in error. As, then, the cause of action arose out of the alleged misconduct of the receiver, or of his agents, for whom he was responsible, and as the property to be affected was in the exclusive control of the Circuit Court, that court plainly had jurisdiction to entertain and determine the controversy, whether that jurisdiction was invoked by the parties seeking redress,·or, as in this case, by the receiver. *Minnesota Co.* v. *St. Paul Co.,* 2 Wall. 609.

> *We, therefore, answer the second question put to us by the Judges of the Circuit Court of Appeals in the affirmative; and it is, therefore, unnecessary to answer the first question, as the defendants in error are not raising it; and it is so ordered.*