RUPP v. WHEELING & L. E. R. CO.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1903.)

No. 1,153.

1. REMOVAL OF CAUSES — JOINT DEFENDANTS — SEPARABLE CONTROVERSY — CITIZENSHIP—RECEIVERS.

Where in an action for injuries a joint liability was alleged against a railroad company and receivers thereof, who had been appointed by the United States Circuit Court, and the citizenship of the railroad company was the same as that of the plaintiff, there was no separable controversy, and the receivers were not entitled to remove the cause to the federal courts, either alone or with the railway company.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

O. S. Brumback, for plaintiff in error.

C. A. Seiders, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and WANTY, District Judge.

SEVERENS, Circuit Judge. This suit was brought in the court of common pleas for Lucas county, Ohio, by Rupp, the plaintiff in error, against the railway company and its receivers, above named, to recover damages for an injury alleged to have been sustained by him in consequence of the negligence of the defendants in delivering a car loaded with tin at the warehouse of the employers of the plaintiff, situated upon a spur track leading from the railway company's station out and along side of said warehouse. The petition sought a joint recovery against the railway company and the receivers upon the allegations of negligent acts of the company and the receivers, all of which concurred in causing the injury. It alleged that the company carelessly and negligently constructed the spur track so as to be greatly inclined at the place where the car was placed in front of and opposite the doorway of the warehouse, and that the receivers negligently left the car on the spur track without sufficient blocking, and without the brakes being properly set to prevent the car from being started and running down the incline when it should be subjected to the jars and motions incident to unloading, and that the plaintiff, while attempting to unload the car, was injured by its starting away and running down the incline.

On January 27, 1899, the receivers filed a petition and bond for removal, the petition alleging that they had been appointed such by the Circuit Court of the United States for the Western District of Ohio,

¶ 1. Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Min. Co., 35 C. C. A. 155.

and were acting under that appointment, and operating the company's railroad at the time when the accident happened; wherefore, they said, the suit was one involving a separable controversy, and was one arising under the laws of the United States. Upon the filing of this petition the record was removed into the Circuit Court of the United States. The railway company and the receivers filed separate demurrers to the petition, and both demurrers were overruled. The defendants then filed separate answers, and the cause came on for trial by the court and a jury. Upon the offer of evidence in support of the petition objection was made by defendants that the petition did not state a cause of action, and that the evidence should, therefore, not be received. The court, being then of the opinion that the objection was well taken upon the ground assigned, sustained the objection, dismissed the suit, and discharged the jury. The plaintiff thereupon sued out a writ of error, and the case was brought here. When the case came on for argument, the question of the validity of the removal and of the jurisdiction of the court below was presented.

All the parties were citizens of Ohio. A joint liability of the railway company and the receivers being alleged and claimed, there was no separable controversy. If the receivers had been the only defendants, they might have removed the case if the plaintiff made no objection. Baggs v. Martin, 179 U. S. 206, 21 Sup. Ct. 109, 45 L. Ed. 155. But the railway company being a joint defendant with them, and of the same citizenship as the plaintiff, the receivers could not remove the case, either alone or with the railway company.

In every substantial particular the case is like that of Central Ohio R. Co. v. Mahoney, 114 Fed. 732, 52 C. C. A. 364, recently decided by this court, wherein, for the same reasons, we were compelled to hold that the court below did not acquire jurisdiction by the proceedings for removal. Upon the authority of that case the judgment of the Circuit Court will be reversed, and the cause remanded to that court, with directions to remand it to the state court from which it was removed; and the receivers, who removed the cause, will pay the costs of both courts.