TOLEDO, ST. L. & W. R. CO. v. PERENCHIO.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,952.

1. REMOVAL OF CAUSES (§ 111*)—PROCEEDINGS AFTER REMOVAL.

Plaintiff, a citizen of Illinois, having been injured in a collision between a street car on which she was a passenger and a train belonging to defendant railroad company, an Indiana corporation, brought suit against both companies in a state court, charging that her injuries resulted from the joint negligence (in one count) or the combined and concurring negligence (in other counts) of the two defendants. The rail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

road company removed the cause to the federal court on the ground of a separable controversy, whereupon plaintiff dismissed as to the citizen defendant and filed a new declaration against the railroad company alone, counting entirely on its separate negligence as a basis for recovery. Defendant, without objecting that it was not in court to litigate the separate cause of action so alleged, proceeded to trial on the merits, in which plaintiff recovered judgment. *Held* that, the court having jurisdiction of the subject-matter by reason of the diversity of citizenship of the parties, the manner of their appearance was immaterial, and that defendant could not thereafter claim on appeal that there was an inseparable controversy between plaintiff on the one side and the two defendants originally sued, and that the case had been improperly removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 237, 239; Dec. Dig. § 111.*]

**2. COURTS (§ 300*)—FEDERAL COURTS—CITIZENSHIP.**

Citizenship, in so far as it applies to federal jurisdiction, relates exclusively to jurisdiction of the subject-matter, and has nothing to do with the court's jurisdiction of the parties as such; so that, while the parties cannot confer jurisdiction of the subject-matter on a federal court by agreement, yet, if the subject-matter is within the jurisdictional grant of power to the federal court, jurisdiction of the parties may be acquired by consent or acquiescence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 847, 850; Dec. Dig. § 300.*]

**3. COURTS (§ 255*)—FEDERAL COURTS—GENERAL JURISDICTION.**

Within its limitations respecting subject-matter, a federal court is a court of general jurisdiction, so that, if organic power to hear the controversy exists, it is immaterial when or how the parties invoked such jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 792, 794, 805; Dec. Dig. § 255.*]

In Error to the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Action by Anna Perenchio against the Toledo, St. Louis & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles E. Pope, of Chicago, Ill. (Chas. A. Schmettau, of Toledo, Ohio, of counsel), for plaintiff in error.

Clark & Hutton, of Danville, Ill., and Trautmann, Flannigen, Baxter & Hamlin, of East St. Louis, Ill., for defendant in error.

Before BAKER and KOHLSAAT, Circuit Judges, and HUMPHREY, District Judge.

BAKER, Circuit Judge. This writ of error is brought to reverse a judgment for personal injuries suffered by plaintiff (defendant in error) through the negligence of defendant. Pleadings on which the cause of action was submitted, evidence, instructions, verdict, and judgment had to do with a controversy between plaintiff and defendant alone. All assignments of error relating to the merits of that controversy were abandoned at the argument. Defendant relies solely upon a contention that an inseparable controversy between plaintiff on the one side and the defendant and another corporation on the other was improperly removed from a state court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff, a citizen of Illinois, was a night passenger at East St. Louis, Ill., on a street car of the Suburban Company, an Illinois corporation. Tracks of the Suburban Company and of defendant, an Indiana corporation, cross at right angles. While the street car was making the crossing, defendant backed a freight train against the street car, without sounding whistle or bell, without light, and without a lookout at the rear of the train or at the crossing. In an Illinois court plaintiff filed a declaration against both companies, charging that the collision occurred and·her injuries were inflicted by reason of "the joint negligence" (in one count) or "the combined and concurring negligence" (in other counts) of the present defendant and the Suburban Company. Defendant obtained an order of removal into the federal court on the ground of separable controversy.

At the start of the trial plaintiff dismissed the Suburban Company and presented against this defendant alone a declaration in which the separate conduct of defendant was exclusively counted upon. Defendant, without objecting that it was not in court to litigate that separate cause of action, proceeded with the trial, cross-examined plaintiff's witnesses, moved for a directed verdict, introduced its own evidence, renewed its motion for a verdict, requested instructions, and moved for a new trial on the merits.

Granting that, within the authority of Alabama Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, Chesapeake, etc., Rld. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, and Offner v. Chicago & E. Rld. Co., 148 Fed. 201, 78 C. C. A. 359, the case filed in the state court presented only inseparable controversies, only a joint cause of action against the two defendants therein, no several cause of action against the present defendant alone, we do not think it follows that the judgment on review should be reversed.

[1] We come at once to the heart of the matter by supposing 'that the state court case had been remanded to, or had never been removed from, the state court, and then inquiring: Would the pendency of that case, or a finding therein that plaintiff's injuries were not inflicted by the joint acts of defendant and the Suburban Company, preclude plaintiff from prosecuting a separate case against defendant as the sole causer of her injuries? That question seems to us to carry its own answer.

[2] In the declaration that was litigated the averments of the wrong, of the amount in controversy, and of the citizenship of the parties affirmatively and clearly presented a subject-matter that the federal court had lawful authority to hear. Diversity of citizenship was a part of the subject-matter. In addition to the subject-matter being of a kind that the federal court had jurisdiction to entertain, it was necessary that the federal court acquire jurisdiction of the persons of the parties. Citizenship, relating as it does exclusively to jurisdiction of the subject-matter, has nothing to do with jurisdiction of the parties as such. Although "agreement of parties cannot enlarge the Constitution and laws of the United States," and thereby confer upon the

federal court authority to determine a subject-matter not included in the grant of power, yet, if the subject-matter is within the grant to the federal court, jurisdiction of the parties may be acquired by consent or acquiescence. That is, jurisdiction of subject-matter relates exclusively to the right of the court to hear and decide; jurisdiction of parties concerns merely their personal privileges. So when plaintiff presented her new, distinct, separate controversy with defendant alone, defendant might have insisted that the case be given a new docket number, that the declaration be filed in the clerk's office, that summons be issued and served, that time be granted for settling the issues, and that the controversy be not submitted for trial until defendant had been given all of its personal rights. But defendant waived all such preliminaries, and, being in the court it selected to hear a controversy it now says was inseparable, asked the court to proceed with the hearing and determination of a controversy that the record affirmatively and conclusively shows to have been within the lawful power of the court to hear and determine. Plaintiff also asked the court to proceed; and thereby, in our opinion, the court acquired jurisdiction over the persons of the parties to the entertainable case that has been brought here for review.

Though the Supreme Court, in C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 418, 31 Sup. Ct. 460, 55 L. Ed. 521, asked (but found it unnecessary to answer, because that case remained throughout "a joint action against two companies") the question now before us, we think support to our answer is lent by Baggs v. Martin, 179 U. S. 206, 21 Sup. Ct. 109, 45 L. Ed. 155, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164. Baggs was receiver of a Colorado railroad by appointment of the United States Circuit Court for Colorado. He was sued in a Colorado court for his negligence as receiver in injuring Martin. From the state court he procured an order of removal on the ground that the case arose under the laws of the United States. Both plaintiff and defendant asked the federal court to try the case on the merits. Baggs attacked the judgment on the ground that the federal court was without jurisdiction. The substance of the decision, as we read it, is this: If it be conceded that the state court had jurisdiction, and that the case was improperly removed, nevertheless, inasmuch as the subject-matter was within the lawful authority of the federal court to hear and decide, jurisdiction of the parties, and so full jurisdiction, could be and was acquired by consent of the parties. In the Moore Case, plaintiff, a citizen of Illinois, sued defendant, a citizen of Kentucky, in a Missouri court. Defendant removed the case to the Federal court for Missouri. Not only was the removal improper, but an original suit could not have been maintained in the federal court over defendant's objection. "So long as diverse citizenship exists, the Circuit Courts of the United States have a general jurisdiction. That [general] jurisdiction may be invoked in an action originally brought in a Circuit Court or one subsequently removed from a state court, and if any objection arises to the particular court which does not run to the Circuit Courts as a class, that objection may be waived by the party entitled to make it." Though the ob-

jection under consideration was that the defendant had been sued in the wrong district, the language of the court is broad enough to apply to all matters that pertain to the personal privileges of the parties and not to the organic powers of the federal courts.

Pertinent also are the cases where original complaints, filed in the federal courts, disclosed a want of jurisdiction of the subject-matter by reason of improper citizenship, and where, on new and entertainable complaints, jurisdiction was acquired by consent or acquiescence of the parties. Mason v. Dullagham, 82 Fed. 689, 27 C. C. A. 296; Hopkins v. Oxley Stave Co., 83 Fed. 912, 28 C. C. A. 99; Grove v. Grove (C. C.) 93 Fed. 865; Delaware v. Frank (C. C.) 110 Fed. 689; Conolly v. Taylor, 2 Pet. 556, 7 L. Ed. 518.

[3] Within its limitations respecting subject-matter, a federal court is a court of general jurisdiction. If organic power to hear the controversy exists, it is immaterial when or how the parties get into court; it is enough if they do come in and waive all preliminaries to the submission of their controversy. And so we deem in point those authorities from state courts which hold that, although the trial court acquired no jurisdiction by the removal of the case on appeal from an inferior court, yet, the trial court having jurisdiction of the subject-matter, the judgment would be sustained because the parties had voluntarily joined in submitting their controversies for decision. Randolph County v. Ralls, 18 Ill. 29; Grier v. Cable, 159 Ill. 29, 42 N. E. 395; In re Crawford, 68 Ohio St. 58, 67 N. E. 156, 96 Am. St. Rep. 648; School District v. Gautier, 13 Okl. 194, 73 Pac. 954.

Any other conclusion, we think, would convict our legal procedure of a futile absurdity. If this present distinct and separate controversy between plaintiff and defendant alone should be sent back to the state court, either defendant or plaintiff could at once bring it before the very federal court that has already, at the joint instance of the parties, rendered a just decision on the merits.

The judgment is affirmed.