**HEINTZ & CO., Inc., Plaintiff,**

v.

**PROVIDENT TRADESMENS BANK AND TRUST COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Donald M. KERR, Donald M. Kerr, Inc. and Suburban Marketers, Inc., Third-Party Defendants and Counterclaimants.**

**Civ. A. No. 29951.**

United States District Court
E. D. Pennsylvania.

March 30, 1964.

See also, 30 F.R.D. 171.

Francis E. Shields, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Joseph Head, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Heintz & Co., Inc. (Heintz), a California corporation, having its principal office in that state, brought this action in the Court of Common Pleas No. 3 of Philadelphia County against Provident Tradesmens Bank and Trust Company (Provident), a Pennsylvania corporation, with its principal office in Philadelphia. Claiming a right to remove under 28 U.S.C. § 1441, because of the existence of diversity of citizenship and of a controversy involving more than $10,000, Provident removed the action to this Court. Except to note that no trial on the merits has yet been had, it is unnecessary for present purposes, in our view of the immediate question, to detail further proceedings had in this Court.

Before us now is Heintz's motion to remand the action to the Common Pleas Court on the grounds that the removal was not authorized by statute and that this Court lacks jurisdiction.

28 U.S.C. § 1441(b) provides:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Concededly, the action is not founded on any claim or right alleged to have arisen under the Constitution, treaties or laws of the United States and, so, was not removable, because the limitation in the second sentence of § 1441(b), supra, precluded removal by the defendant, Provident, a citizen of the State in which the action was brought.

The question posed is thus stated by Provident: "The very narrow question presented for determination is simply whether the Removal Statute (28 U.S.C.A. § 1441) is jurisdictional or whether it is analogous to the Venue Statute (28 U.S.C.A. § 1391 et seq.)."

The many cases on the often vexing subject of removability appear to be in almost hopeless conflict. After extensive research, we are impelled to agree with the Court's statement in Hagerla v. Mississippi River Power Co., 202 F. 771, at p. 773 (S.D.Iowa, E.D.1912): "That there is no other phase of American ju-

risprudence with so many refinements and subtleties, as relate to removal proceedings, is known by all who have to deal with them."

At first blush it would seem that the question was long ago resolved by Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893), in which, under factual circumstances distinguishable from ours only in that no motion for remand had been made before final judgment in the Court below, the Supreme Court said:

" * * * The defendants here were not entitled to such removal, and the decree, which was in favor of complainants, and from which the defendants prosecuted this appeal, *must* be reversed *for want of jurisdiction,* with costs against the appellants, and the case remanded to the circuit court, with directions * * to remand the case to the state court. Torrence v. Shedd, 144 U.S. 527, 533 [12 S.Ct. 726, 36 L.Ed. 528]." (emphasis supplied).

While the amount in controversy in Martin v. Snyder is not disclosed in the report, it is clear. that the decision was bottomed not on the trial court's lack of jurisdiction over the subject-matter, but on a want of jurisdiction springing from an unauthorized removal from the state court. Whether or not "jurisdiction" has the same meaning in each of these contexts would be unimportant for our purposes had not the Supreme Court, in at least three later cases, indicated a view at seeming variance with Martin v. Snyder, supra.

Confronted, in Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155, (1900), with a situation in which a receiver, after an adverse judgment on the merits, sought reversal on the ground that jurisdiction was lacking in the federal court to which the receiver had improperly removed a state court action against him (on the claim that it was ancillary to the action in which he was appointed receiver), the Supreme Court held that the receiver could not be heard to object to the power of the federal court, to which he had improperly re-

moved the action, to render judgment therein. That the Court would not have so held if the trial court had lacked jurisdiction over the subject-matter, which can be acquired neither by consent nor estoppel, is evident from its own construction of Baggs in Gableman v. Peoria, etc., Ry. Co., 179 U.S. 335, at p. 342, 21 S.Ct. 171, at p. 174, 45 L.Ed. 220:

"We have just held in Baggs [Receiver] v. Martin, 179 U.S. 206 [21 Sup.Ct.Rep. 109, 45 L.Ed. 155], that where a receiver sued in the state court had removed the action to the circuit court which had appointed him, and that the plaintiff had not moved to remand but had accepted the jurisdiction thus invoked, a judgment in that court in plaintiff's favor *might be sustained, because the court would have had original jurisdiction,* and it did not lie in the mouth of the receiver, under such circumstances, to deny the jurisdiction he had sought." (emphasis supplied).

It is noted, too, that in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951), citing Baggs v. Martin, as well as cases from the Courts of Appeals, the Supreme Court observed:

"There are cases which uphold *judgments* in the district courts even though there was no *right* to removal." (emphasis supplied).

■ We need not decide in this case, as did Bailey v. Texas Co., 2 Cir., 47 F.2d 153, 155, that Baggs v. Martin, supra, overruled Martin v. Snyder, supra. We think the seeming inconsistency in these cases may be reconciled to some extent by modifying slightly and, paraphrasing in large part the reasoning of Knappen, J., in his excellent opinion in Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435, at page 437 (1924), to state: Whether or not in the early removal cases under the statutes of 1875 and 1887–88 the term jurisdiction was used less strictly than it latterly has been, there is persuasive authority tending to support the view that jurisdiction *may*

be retained where, although the action was not removable under the statute because of defendant's citizenship in the state in which the action was brought, the court nonetheless had jurisdiction over the subject-matter of the controversy, *and* the parties had fully acquiesced in the federal jurisdiction *and* acted thereunder to judgment on the merits.

 This view accords with Baggs v. Martin, and does violence to Martin v. Snyder only to the extent that, after judgment on the merits with the parties' acquiescence, remand is not mandatory and retention is permissive. Essentially, it recognizes that "jurisdiction" may have different meanings in different contexts. So reasoning, we conclude that the subject-matter of the present action is within this court's jurisdiction in the sense that had the action been begun here, as well it might have been under existing requirements for diversity actions, we undoubtedly had the power to hear and determine the controversy. On the other hand, jurisdiction is lacking in the sense that this action has been removed to this court contrary to the plain terms of the statute. It is this concept of jurisdiction which we think Congress intended when, in 28 U.S.C. § 1447(c), it provided:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. * * *"

Any other rationale, it seems to us, would require for remand a concurrence of disregard of the statutory removal provisions *and* a lack of jurisdiction over the subject-matter, when the latter alone is sufficient to require dismissal. It is difficult to conceive that Congress envisioned final judgment in any action in which the court lacked jurisdiction over the subject-matter.

We will order remand in this case in which both final judgment and acquiescence of the parties are lacking. We do not deem the limited steps heretofore taken by Heintz in this action to be an implied waiver of jurisdiction, much less an acquiescence therein. Even were we to imply a waiver, we would hold, nevertheless, that Heintz is not precluded, in this stage of the proceedings, from requiring remand to the state court.