José Rodriguez DIAZ, for himself and on behalf of his wife, Eugenia Sorya, Plaintiffs

v.

José Ignacio MONTANER Y LIZAMA, Cristobal Díaz Ayala, Daniel Pérez Menéndez, New Amsterdam Corporation, and Elanco, S.A., Defendants.

Civ. No. 231–64.

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 20, 1965.

Miguel A. Matos Colón, San Juan, P. R., and Roberto Armstrong, Jr., Rio Piedras, P. R., for plaintiffs.

Brown, Newsom, Córdova & Díaz, San Juan, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action was originally filed in the Superior Court of Puerto Rico, San Juan Part, and was removed to this Court by defendants, Daniel Pérez Menéndez, Cristobal Díaz Ayala, and New Amsterdam Corporation. The original petition for removal was filed in this Court on the 22nd of May, 1964. At that time José Ignacio Montaner y Lizama, and Elanco, S. A. had not been served with process. The grounds for removal stated in this first petition for removal was that the action was removable to this Court under and pursuant to Title 48 of the United States Code, Sections 863 and 864 (60 Stat. 716, 62 Stat. 990) and also Title 28 of the United States Code, Section 1441 (62 Stat. 937) because:

(a) This action is alleged to be one over which the United States District Court for the District of Puerto Rico has original jurisdiction.

(b) The amount in controversy exceeds $10,000.00 exclusive of interest and costs.

(c) The plaintiffs, José Rodríguez Díaz and his wife Eugenia Sorya are citizens of Spain and not domiciled in Puerto Rico. Thus although mention is made of Title 28, U.S.C.A. § 1441, as the ground for jurisdiction, there would seem to be jurisdiction also under Title 48, U.S.C. §§ 863 and 864, this being the

peculiar special jurisdiction of the United States District Court for Puerto Rico. And this is true although no mention is made of the domicile of any parties on the defendants' side of the case. On May 22, 1964 the defendants filed a "Supplement to Petition for Removal and/or Amendment thereto", stating that on the date of the commencement of this action, the plaintiffs were and have continued to this date to be citizens of Spain not domiciled in Puerto Rico.

In support of this Supplement to the petition for removal, the defendant, Daniel Pérez Menéndez, signed an affidavit stating as follows:

"Daniel Pérez Menéndez, having been duly sworn says that he is of legal age, married, builder, and a resident of Santurce, Puerto Rico, and that he is one of the defendants named herein who has been served in this case, and he has carefully read the above supplement to the petition for removal and that the contents and things contained therein are true to the best of his knowledge and belief."

On June 1, 1964, the defendants, Daniel Pérez Menéndez, Cristobal Díaz Ayala, and New Amsterdam Corp. filed an amended petition for removal. Touching the parties in the case, this amended petition for removal states as follows:

1. The plaintiffs on the date of the commencement of this action were and have continued to this date to be citizens and subjects of a foreign state or states to wit: Spain and or Cuba not domiciled in Puerto Rico.

2. The individual defendants who are José Ignacio Montaner y Lizama, Cristobal Díaz Ayala, and Daniel Pérez Menéndez, are not now nor were they citizens of the Commonwealth of Puerto Rico when this action was commenced.

3. Defendant corporation, Elanco, S. A. was, at the time that this action was commenced, and still is, a corporation organized and existing under the laws of Curacao, Netherlands Antilles, and a citizen thereof with its principal place of business in Florida, U.S.A.

4. Defendant corporation, New Amsterdam Corporation, (New Amsterdam Construction Corp.) was, at the time of the commencement of this action and still is a corporation organized and existing under the laws of the Republic of Liberia, and a citizen thereof with its principal place of business in the Commonwealth of Puerto Rico.

5. Defendant corporations, New Amsterdam Corporation, and Elanco, S. A., are nominal, formal, and unnecessary parties in this litigation.

The plaintiffs allege in the complaint that defendant, José Ignacio Montaner y Lizama owes them the sum of TWO HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($275,000.00), which sum is due and liquid. In addition, plaintiffs allege that they have incurred in expenses amounting to the sum of TEN THOUSAND DOLLARS ($10,000.00) in their attempts to collect the said debt without success. Plaintiffs further allege that in order to defraud plaintiff, José Rodríguez Díaz, and hinder the collection of the amount which is due him and the conjugal partnership which he represents, defendant, José Ignacio Montaner y Lizama, transferred certain stock that he owned in the defendant corporations, New Amsterdam Corporation, and Elanco, S. A., to the other co-defendants with the intention of defrauding the plaintiffs and injuring the collection of the amount which is due them.

So much as regards the actual debt plaintiffs allege is owed to them by José Ignacio Montaner y Lizama. There is also an allegation in the complaint, in its seventh paragraph, that plaintiffs have suffered "vicissitudes, bitterness, loss of income, paralization of their activities, and profound mental anguish and suffering", which they estimate should be compensated in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00). In the final paragraph of the complaint it is alleged that the defendants have used the corporate veil to evade compliance with their legitimate obligations, and that the defendant corporations are nothing more than the *alter ego* of the

said defendants. Judgment is demanded in the sum of THREE HUNDRED EIGHTY FIVE THOUSAND DOLLARS ($385,000.00) plus costs and additional expenses, interest, and a reasonable sum for attorney's fees.

The defendants, Cristobal Díaz Ayala, Daniel Pérez Menéndez, and New Amsterdam Corporation, filed their answer to the complaint on the 14th of September, 1964, in which they denied, for lack of sufficient information to form a belief, the allegations contained in paragraphs First, Second, Third, and Fifth of the complaint and, in answer to the allegations contained in paragraph Four of the complaint, the defendants denied that they or any one of them have ever participated in or taken any action or done anything related or connected with the obtaining of funds or money by defendant José Ignacio Montaner y Lizama, from plaintiffs. Defendants generally denied the allegations contained in paragraphs Sixth, Seventh, and Eighth of the complaint. Finally, the answer affirmatively avers that none of the answering defendants have ever had any connection or participation in the obtaining of any sums of money or funds by José Ignacio Montaner y Lizama from plaintiffs, and they further allege that they have never done directly or indirectly anything to hinder or impede the collection of any amounts of money which José Ignacio Montaner y Lizama may have owed or may be now owing to the plaintiffs. On October 21, 1964, the defendants, Cristobal Díaz Ayala, Daniel Pérez Menéndez, and the New Amsterdam Construction Corporation moved the Court to enter a summary judgment for said defendants on the ground that the pleadings, deposition of the plaintiff, José Rodríguez Díaz, taken on July 9, 1964, and the deposition of the defendant, Daniel Pérez Menéndez, taken on July 13, 1964, show that defendants are entitled to judgment as a matter of law.

Before taking up the merits of the motion for summary judgment filed by the above mentioned defendants, I feel that it is necessary to discuss the question of whether or not this action was improperly removed from the Commonwealth Court, although no motion for remand has been made. The amended petition for removal is sworn to by Daniel Pérez Menéndez, who states in his jurat that he is a resident of Santurce, Puerto Rico. At the outset I must point out that the removability of the case from the Commonwealth Court to the United States District Court for Puerto Rico, whether it be under the provisions of Title 28, U.S.C.A., or under the special jurisdiction conferred upon this Court by Title 48, U.S.C.A. § 863, is controlled by the provisions of Sec. 864 of said Title 48, which reads as follows:

"The laws of the United States relating to appeals, certiorari, removal of causes, and other matters or proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the United States District Court for the District of Puerto Rico and the courts of Puerto Rico."

Thus, the right of a resident defendant to remove an action initiated in the Superior Court of the Commonwealth of Puerto Rico by an alien non-resident plaintiff is determined by the same statute and the same precedents governing removals from a court of any State of the Union to a court of the United States under Title 28, U.S.C.A. regardless of our special jurisdiction as granted in Title 48. The defendants' petition is therefore to be taken as filed and to be considered under the provisions of Sec. 1446, Title 28, U.S.C.A.; however, this cited section is in turn limited by Sec. 1441(b) as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and*

*served as defendants is a citizen of the State in which such action is brought."* (Emphasis supplied).

██ As all of the parties on one side of this controversy, that is the plaintiffs, José Rodríguez Díaz, and his wife Eugenia Sorya, were at the time of the filing of the complaint, persons not domiciled in Puerto Rico, this Court would have had original jurisdiction under the provisions of Title 48, Sec. 863, had the action been initiated in this Court. The problem that now arises is whether despite the fact that this Court would have had original jurisdiction, the action can be removed by resident defendants, that is by Daniel Pérez Menéndez, and the corporation New Amsterdam (New Amsterdam Construction Corp.) which had at the time of the filing of the action its principal place of business in the Commonwealth of Puerto Rico.[1] Daniel Pérez Menéndez has stated under oath in his affidavit of the 29th of May, 1964, that he is a resident of Santurce, Puerto Rico. It has been held that a cause is not removable by a resident defendant on the ground of diversity of citizenship; that consent could not confer jurisdiction on a Federal Court, and that if the record in that court does not show jurisdiction, it is the duty of the Court of its own motion to refuse to exercise the same. See Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435; Bailey v. Texas Co., 2 Cir., 47 F.2d 153; Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602; and Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528. Nevertheless, and without being unmindful of the rule that consent cannot confer jurisdiction where it does not otherwise exist, the rule also is that where the action could have been brought originally in the Federal Court and the plaintiff acquiesces in the removal either by express consent or by failure to make a motion to remand as occurred in this case, the Federal Court may proceed to judgment. Handley-Mack Co. v. Godchaux Sugar Co., supra; Bailey v. Texas Co., supra. Of course, where an action could not have

been initiated in the Federal District Court, no kind of acquiescence or consent to its improper removal would or could confer jurisdiction. Compare American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, where the Supreme Court clearly recognized the distinction between cases where the Court would not have had original jurisdiction in any event, and cases where the Court having original jurisdiction proceeded to entertain an action improperly removed in the absence of any objection by the plaintiffs. In Finn the Supreme Court states as follows:

"There are cases which uphold judgments in the district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprise the case at the time of trial or judgment, the federal court would have had cognizance of the case. This circumstance was relied upon as the foundation of the holdings. The defendant who had removed the action was held to be estopped from protesting that there was no right to removal. Since the federal court could have had jurisdiction originally, the estoppel did not endow it with a jurisdiction it could not possess.

In this case, however, the District Court would not have had original jurisdiction of the suit, as first stated in the complaint, because of the presence on each side of a citizen of Texas."

See also Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155.

██ I must therefore hold that this Court has jurisdiction to proceed to decide the question of whether or not the

---

1. See: Title 28, U.S.C.A. § 1332(c).

summary judgment of dismissal of the action should be granted to the defendants, Cristobal Díaz Ayala, Daniel Pérez Menéndez, and the New Amsterdam Corporation.

Taking up now the question of the liability of the moving defendants Cristobal Díaz Ayala, Daniel Pérez Menéndez and the New Amsterdam Corporation to the plaintiffs it is obvious that unless there is presently a debt due and payable by defendant, José Ignacio Montaner y Lizama to plaintiffs, there is no liability flowing from defendants, Cristobal Díaz Ayala, Daniel Pérez Menéndez and New Amsterdam Corporation, to the plaintiffs in the present action.

I have carefully reviewed the depositions and affidavits filed in this case in the light of the allegations of the complaint and they show:

(a) that the defendants who are now asking the Court for a summary judgment did not participate in the simulations of José Ignacio Montaner y Lizama, which it is alleged caused plaintiffs to lend the sum of TWO HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($275,000.00) to said Montaner;

(b) that there was no fraudulent transfer by Montaner of his corporate interest in Elanco, S. A. or in New Amsterdam Corp. to defendants, Cristobal Díaz Ayala, and Daniel Pérez Menéndez, it further appearing that the corporations, Elanco, S. A., and New Amsterdam were not the *alter ego* of the moving defendants and Montaner, and that they were not used as an artifice to evade compliance of legitimate obligations due plaintiffs.

However, the decision which I shall reach in this action does not rest solely on my conclusions drawn from a reading of the pleadings, depositions, and affidavits filed in this action. There is attached to the depositions of plaintiff, José Rodríguez Díaz, as Exhibit 3 thereto, a document in the Spanish language entitled "Convenio" which means "agreement" in English, being an instrument that was signed in Madrid on the 8th of February, 1964 and is a document witnessing a compromise between Montaner as debtor and several of his creditors, including plaintiff, José Rodríguez Díaz. Insofar as Mr. José Rodríguez Díaz, and his wife, the plaintiffs herein are concerned, the document recites that Montaner acknowledges that he is the true debtor of said José Rodríguez Díaz. In the same document all the creditors, including the plaintiffs herein, agree that they accept as full payment of their corresponding debts, debentures or bearer obligations, non-mortgage, issued by Elanco, S. A. in the sum of ONE MILLION SEVEN HUNDRED AND SEVENTY EIGHT THOUSAND DOLLARS ($1,778,000.00) and another issue of debentures for the sum of ONE HUNDRED TWENTY NINE THOUSAND DOLLARS ($129,000.00) respectively owed, to mature in the year 1971 and which shall bear interest at the rate of 4% per annum. Finally it is stated on page 3 of the said agreement that all of the undersigned creditors formally declare that they have nothing to demand nor claim from Mr. Montaner with respect to the subject matter of the said agreement. It is further stated that both parties expressly waive the jurisdiction of their respective domiciles, and that they designate the city of Madrid, its judges and courts for any judicial or extra judicial proceeding that may arise from the said agreement. Article 1715 of the Civil Code of Puerto Rico, 1930 Edition, which is embodied in the L.P. R.A. as Section 4827 of Title 31 thereof, states as follows:

"A compromise has, with regard to the parties, the same authority as *res adjudicata;* but summary proceedings shall not be proper except when the fulfilment of a judicial compromise is in question."

The Civil Code of Spain, in Article 1816, contains exactly the same provision, using the same words but in the Spanish language. Speaking of the similar rule in Louisiana, a Civil Law State, the Supreme Court of the United States, stated the following about the operation and

efficiency of a compromise, such as the one involved in the agreement of Madrid:

"A compromise, by the code of Louisiana, is defined to be 'an agreement between two or more persons, who, for promoting or putting an end to a law-suit, adjust their differences by mutual consent, in the manner which they agree on, and which any one of them prefers to the hope of gaining balanced by the danger of losing'[2] (art. 3071); and has, between the interested parties, a force equal to the authority of a thing adjudged." Oglesby v. Attrill, 105 U.S. 605, 610, 26 L.Ed. 1186.

At page 611 in that case, the Supreme Court states as follows:

"The compromise stands, therefore, as a judgment, making a settlement of the very matters now set up as grounds of complaint in the petition in reconvention; that is, 'the frauds and machinations of the officers of the company' in levying the assessment. It settled all claims arising from the assessment, and the alleged fraudulent purposes of the officers in connection with it. Though made directly between the company and the defendants, it protects from further suit those who advised, equally with those who levied, the assessment; participants in whatever wrong was committed, if any there were, as well as principals; abettors as well as doers of it. No allegations of fraud, in addition to those made at the settlement, can prevent the compromise from having effect as a judgment thereon. It may, indeed, by a direct proceeding instituted for that purpose, be rescinded, for fraud, but it cannot, any more than any other judgment, be attacked collaterally. Adle v. Prudhomme, 16 La.Ann. 343. In the face of the compromise, the reconventional demand cannot be sustained."

 Thus I must hold that there is no genuine controversy as to any material issue of fact and that the defendants, Cristobal Díaz Ayala, Daniel Pérez Menéndez, and New Amsterdam Corporation, are entitled to a judgement as a matter of law. The motion for Summary Judgment will therefore be granted.