**Milo M. CRAIG et al., Plaintiffs-Appellees,**

v.

**CHAMPLIN PETROLEUM COMPANY, Defendant-Appellant.**

No. 410–69.

United States Court of Appeals
Tenth Circuit.

Jan. 23, 1970.

---

9. Railway Labor Act § 3 First (p), 45 U.S.C. § 153 First (p) (1964), as amended (Supp. IV, 1968).

Geo. L. Verity, of Brown, Verity & Brown, Oklahoma City, Okl., for plaintiffs-appellees.

H. Carter Burdette, Fort Worth, Tex. (T. Murray Robinson, of Robinson, Boggess, Wright, Love & Nance, Oklahoma City, Okl., and Cecil E. Munn, of Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., on the brief), for defendant-appellant.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This suit was brought in Oklahoma state court by the 19 plaintiffs-appellees on behalf of themselves and all others similarly situated against defendant-appellant Champlin Petroleum Company to recover royalties allegedly due and unpaid under oil and gas leases. Champlin removed to federal court on the ground of diversity. As the pleadings stood at

the time of removal, and as recognized by the petition therefor, satisfaction of the jurisdictional amount required aggregating the claims. After removal, the plaintiffs amended the complaint to seek lease cancellation. The value of each lease exceeded the jurisdictional amount. After trial, the court denied lease cancellation and ordered an accounting.

At the time of the trial, the law of this circuit was that new Rule 23, F.R. Civ.P., permitted aggregation of claims in spurious class actions. Gas Service Company v. Coburn, 10 Cir., 389 F.2d 831. While the accounting was in progress, the Supreme Court reversed Gas Service in an opinion reported as Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319. After that decision, Champlin filed a suggestion of lack of subject matter jurisdiction. The district court held that it had jurisdiction and entered a final judgment from which this appeal is taken. We are now concerned only with the question of federal jurisdiction.

The royalty owners argue that federal jurisdiction attaches because:

(1) The amendment before trial seeking lease cancellation brings into controversy more than the jurisdictional amount.

(2) Under Rule 15(c), F.R.Civ.P., the amendment relates back to the date of the original pleading.

(3) Section 1653, Title 28, permits amendment to cure defective jurisdictional allegations.

Because Snyder makes it clear that the court did not have jurisdiction at the time of removal, the primary question is whether the subsequent amendment could confer jurisdiction. In considering this question, we turn first to the

relevant pronouncements by the Supreme Court.

In Pullman Company v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334, a case involving separability of claims, the Court said:

"The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."

American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, was another separability case. The Court said that the plaintiff's pleading controlled, citing Pullman. It then discussed the question of whether the removing party was estopped to question the removal after an adverse judgment and held that it was not. The Court referred to cases upholding judgments even though there was no right of removal [1] but said that in those cases the federal court would have had original jurisdiction if the case had "been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment." 341 U.S. 6, 16, 71 S.Ct. 534, 541. Those cases were not pertinent in Finn, where the posture of the case at time of removal, at time of trial, and at time of judgment barred federal jurisdiction. Nevertheless, the Court's discussion of the issue intimates that the broad rule of Pullman has exceptions when the removing party later challenges the court's jurisdiction.

This court has followed the general rule of Pullman. See Woerter v. Orr, 10 Cir., 127 F.2d 969, and McLeod v. Cities Service Gas Company, 10 Cir., 233 F.2d

---

1.  Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155; Toledo St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472; Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435; and Bailey v. Texas Co., 2 Cir., 47 F.2d 153. See also Donahue v. Warner Bros. Pictures, Inc., 10 Cir., 194 F.2d 6, 10. In this post-

Finn case, the court raised the jurisdictional issue sua sponte and held that although removal on the ground of separability was improper, federal jurisdiction existed because the case was one which could have been instituted in federal court and no objection was made to removal.

242. Woerter was decided before Finn and is distinguishable on this ground alone. The force of the case is also lessened by the fact that the court, after adverting to the rule of Pullman, did consider the amended complaint and determined that even it did not confer jurisdiction on the court. McLeod, which was decided after Finn, is distinguishable in that there the non-removing party raised the jurisdictional issue. In addition, despite reliance on the Supreme Court decisions for the proposition that a post-removal amendment stating a separate and independent claim could not be considered, the court upheld jurisdiction. The theory was that the trial court might have denied the motion to remand on the alternative ground that removal was proper because the resident defendant had been fraudulently joined. In our opinion, neither of these cases is dispositive of the issue before us.

In Pullman, Finn, and many of the other cases concerned with this problem, the issue has been separability of claims under 28 U.S.C. § 1441(c). There is no reason for different treatment in a case like the present one where the issue is jurisdictional amount. See Woerter v. Orr, supra, 127 F.2d 969, 971, a decision from this court involving jurisdictional amount.

The case at bar falls within the exception to Pullman recognized in Finn. At the time of trial, the amendment had established federal jurisdiction. Although all parties were then laboring under the delusion that aggregation was proper under our Gas Service decision, the fact is that they proceeded with the trial on the basis of the then posture of the case. Because this posture included the jurisdiction-conferring amendment, Champlin may not now argue that the state of affairs at the time of removal is determinative. It consented to the trial court's going forward in a case over which it had jurisdiction and it may not now complain. See Toledo, St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472, 474–475, cert. denied 231 U.S. 745, 34 S.Ct. 319, 58 L.Ed. 464.

The similarity between the case at bar and Perenchio, supra, one of the cases cited with approval in Finn, renders our conclusion less difficult. In Perenchio, plaintiff brought a tort action against two companies, alleging that they were jointly or concurrently responsible for her injuries. One of the defendants removed on the ground that the controversy between it and the plaintiff was separable. At the start of the trial in federal court, plaintiff amended her complaint, dismissing the second company and relying solely on the removing defendant's negligence. After judgment for plaintiff, the defendant appealed and argued that the case was not removable because the controversy was not in fact separable. Without answering the separability question, the court held that jurisdiction existed by virtue of the post-removal amendment establishing complete diversity. Because the defendant had acquiesced in the court's proceeding on the basis of the amended complaint, and because the court in fact had jurisdiction to hear the matter as it was thus presented, the argument that the court was without jurisdiction due to an inseparable controversy could not be made. The reasoning of Perenchio is persuasive in the case at bar.

Champlin also argues that if a post-removal amendment may be considered, the amendment is insufficient to establish federal jurisdiction because underpayment of royalties is not a ground for lease cancellation in Oklahoma. The royalty owners answer that lease cancellation is proper because of Champlin's self-dealing and failure to market properly.

As the Supreme Court has said, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845. See also Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.

2d 890; A. C. McKoy, Inc. v. Schonwald, 10 Cir., 341 F.2d 737, 738; and Wyoming Ry. Co. v. Herrington, 10 Cir., 163 F.2d 1004, 1006. Considering that at the time the claim for lease cancellation was made it was not used to invoke jurisdiction and no one was aware that aggregation of the original claims for jurisdictional purposes was impermissible, we have no reason to question the royalty owners' good faith in advancing it. Neither are we able to say that there existed a legal certainty that they were not entitled to lease cancellation.

Under Oklahoma law a royalty owner is not ordinarily entitled to cancellation for failure on the part of the owner of the working interest to pay royalties, unless the lease so provides. See Wagoner Oil & Gas Co. v. Marlow, 137 Okl. 116, 278 P. 294, 306. On the other hand, the unjustified failure to market oil and gas for an unreasonably long time has been held to be a breach of an implied covenant justifying cancellation. Townsend v. Creekmore-Rooney Company, Okl., 332 P.2d 35, 38. Although there is no showing in the present case that Champlin has ceased to market the oil and gas, we are unwilling to say that the principle of Townsend, supra, might not be applied to a situation where, as alleged by the royalty owners, the marketing involved self-dealing and was grossly unfair. It was not legally certain that the royalty owners were in no event entitled to lease cancellation.

In this respect the fact that the trial court decided that an accounting rather than lease cancellation was the proper remedy is of no significance. It is the good faith claim rather than the actual award which is determinative. St. Paul Mercury Indemnity Co., supra, 303 U.S. 283, 289, 58 S.Ct. 586; Branding Iron Club v. Riggs, 10 Cir., 207 F.2d 720, 723.

■ In the case at bar, the removing defendant went to trial without objection on jurisdictional grounds. At that time there was diversity and the jurisdictional amount was satisfied by each of the separate and distinct claims for lease cancellation. After the trial the court held in favor of the plaintiffs on the issue of the amount of royalty and ordered an accounting. The defendant was estopped from thereafter asserting that the removal which it had obtained was improper. In the circumstances, the applicability, if any, of Rule 15, F.R. Civ.P., and of 28 U.S.C. § 1653 need not be considered.

We hold that the district court had jurisdiction. The case must go forward to briefing and argument on the merits.