19 F.3d 1439
 73 A.F.T.R.2d 94-1608
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John F. BANNER, et al., Plaintiffs-Appellees,
v.
Edward W. BURGER, et al., Defendants-Appellants.
 No. 92-36562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1994.*
Decided March 23, 1994.
 
 1
 Before: CANBY AND T.G. NELSON, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 Edward and Sandra Burger appeal pro se from the judgment of the United States District Court for the District of Alaska. The district court granted summary judgment for John and Lynda Banner, finding that the Banners purchased a parcel of real property pursuant to a properly noticed tax sale and were entitled to possession of the property. The court later denied the Burgers' motion to amend or alter the judgment.
 
 
 3
 The issues on appeal are: (1) whether the district court had subject matter jurisdiction when it granted the Banners' motion for summary judgment; and (2) whether the district court erred in denying the Burgers' motion to alter or amend the judgment by refusing to consider issues raised in an affidavit filed with the motion.
 
 I. Factual and Procedural Background
 
 4
 On January 25, 1991, the Banners purchased a parcel of real property in an Internal Revenue Service ("IRS") tax sale. The property had been seized from the Burgers by the United States for nonpayment of taxes. The IRS district director issued a deed to the Banners on September 3, 1991.
 
 
 5
 The Burgers, however, remained in possession of the property and the Banners filed a lawsuit in Alaska state court on November 18, 1991, seeking to force the Burgers off. Count one of the Banners' complaint alleged forcible detainer and entry pursuant to Alaska Stat. Sec. 09.45.070; count two sought ejectment pursuant to Alaska Stat. Sec. 09.45.630; and count three asked the court to quiet title, see Alaska Stat. Sec. 09.45.010. A copy of the IRS deed was attached to the complaint. The Burgers' answer to the complaint alleged that the IRS sale was invalid because the IRS had not complied with certain notice requirements under federal law.
 
 
 6
 On November 29, 1991, the Burgers removed the action to federal district court; they alleged that jurisdiction was proper pursuant to 28 U.S.C. Secs. 1340 and 1441. More than two months later, on February 13, 1992, the Burgers brought the United States into the action by filing a cross complaint to quiet title under 26 U.S.C. Sec. 2410.
 
 
 7
 The Banners and the United States moved for summary judgment; both motions were granted by the district court. The court granted the Banners' motion because it found that they had purchased the property in a properly noticed tax sale. The United States had argued that it was entitled to summary judgment because it had sovereign immunity but the district court did not explain its reasons for granting the United States' motion.[1]
 
 
 8
 The Burgers filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) arguing that the court should reconsider its decision in light of an affidavit by Sandra Burger filed with the motion. The Burgers also filed a motion to stay enforcement pending appeal pursuant to Fed.R.Civ.P. 62(f) and a motion to remand. The court denied the Burgers' Rule 59(e) motion on July 1, 1992.
 
 
 9
 The Burgers filed a notice of appeal on July 22, 1992. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 II. Discussion
 1. Standard of Review
 
 10
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992). District court rulings on Rule 59(e) motions are reviewed for abuse of discretion. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).
 
 2. Analysis
 
 11
 a. The district court had jurisdiction to enter judgment on the Banners' state claim.
 
 
 12
 A case may not be removed to federal court unless the state court complaint includes a claim that arises under federal law. Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1129 (9th Cir.1992). If the district court finds at any time before it enters final judgment that it lacks subject matter jurisdiction, the action must be remanded to state court. Id.; 28 U.S.C. Sec. 1447(c).
 
 
 13
 It is clear that the Burgers improperly removed this action to the district court because the Banners' state court complaint included no federal claims. The "well-pleaded complaint" rule requires that a federal question appear on the face of the complaint in order for federal-question jurisdiction to exist. Gully v. First National Bank in Meridian, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). A civil action raises a federal question when it "arises under" the Constitution, a federal statute, or a federal treaty. 28 U.S.C. Sec. 1331; Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807, 106 S.Ct. 3229, 3231-32, 92 L.Ed.2d 650 (1986). A state law claim may "arise under" a federal statute when vindication of the state right requires resolution of a substantial question of federal law disputed by the parties or when the state claim is merely an artfully pleaded federal claim. See Franchise Tax Bd. v. Construction Laborers Vac. Trust, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).
 
 
 14
 The Banners' complaint alleged only state law causes of action for forcible entry and detainer, ejectment, and quiet title. The IRS deed was attached to the complaint as evidence of the Banners' title. Nowhere in the complaint did the Banners raise any issue of federal law. The validity of the IRS's tax sale, i.e., whether the IRS had complied with the procedural requirements of the applicable federal statutes, became a question only when the Burgers raised it as a defense. Federal jurisdiction cannot be predicated on a possible federal defense to state law claims. Id. at 14, 103 S.Ct. at 2848; Galvez v. Kuhn, 933 F.2d 773, 775 (9th Cir.1991).
 
 
 15
 Generally, a federal appellate court will order that an action improperly removed to district court be remanded to state court even if the district court entered final judgment. See, e.g., Galvez, 933 F.2d at 781. An exception to this rule exists when removal is not challenged before the court enters final judgment. When a district court enters final judgment before removal is challenged, the question on appeal is not whether removal was improper, but whether the district court "would have had original jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of final judgment." Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co., 846 F.2d 1213, 1215 (9th Cir.1988), aff'd, 488 U.S. 881, 109 S.Ct. 210, 102 L.Ed. 202 (1988); see Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).[2]
 
 
 16
 In this case, no party moved to remand the action before the court granted summary judgment on May 27, 1992. After the case was removed, the Burgers filed a "cross-complaint" pursuant to 26 U.S.C. Sec. 2410 against the United States seeking to quiet title to property seized for nonpayment of taxes. The United States, however, had quitclaimed its interest in the subject property to the Banners before the Burgers filed their cross-claim. Because the United States no longer held a lien on the property, Sec. 2410 did not waive its sovereign immunity and the district court, therefore, did not have subject matter jurisdiction over the United States. See Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992) (Sec. 2410 waives sovereign immunity only for so long as the government retains an interest in the subject property).
 
 
 17
 Nevertheless, at the time final judgment was entered, the Burgers' had asserted a claim against the United States, and that claim was one "arising under" federal law--specifically a claim concerning the collection of internal revenue. See 28 U.S.C. Sec. 1340 (federal courts have jurisdiction over claims concerning the collection of revenue). Thus, the posture of the action was such that if it had been filed in federal court, the court would have had original jurisdiction. The judgment of the district court may therefore be affirmed.
 
 
 18
 b. Denial of the Motion to Alter or Amend.
 
 
 19
 Pursuant to Fed.R.Civ.P. 59(e), a party can ask the district court to alter or amend its judgment within ten days after the judgment was entered. A district court has broad discretion as to whether to grant a Rule 59(e) motion. Binkley Co. v. Eastern Tank, Inc., 831 F.2d 333, 337 (1st Cir.1987). On appeal, the district court's decision on the motion is reviewed for abuse of discretion. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).
 
 
 20
 It is appropriate for a district court to grant a Rule 59(e) motion in three circumstances: (1) when the court is presented with newly discovered evidence, (2) when the court committed clear error or the judgment was manifestly unjust, or (3) when there is an intervening change in controlling law. Id. at 1263. The Burgers' Rule 59(e) motion presented none of these grounds. It is apparent that the court did not commit clear error and there was no argument that the controlling law had changed. Further, Sandra Burger's affidavit was not "newly discovered evidence." See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 n. 4 (9th Cir.1987) (no abuse of discretion to refuse to consider affidavits in opposition to summary judgment filed late).
 
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's minute order stated: "[United States'] motion to dismiss or for summary judgment ... GRANTED with prejudice of any claims arising out of assessment of taxes, foreclosure of the real estate lien, the sale of the property." See Minute Order (May 27, 1992.)
 
 
 [2]
 Although this rule has been applied primarily in diversity cases, see 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d Sec. 3723 at 319 (2d ed. 1985), its application is not limited to diversity cases only. See Grubbs, 405 U.S. at 704, 92 S.Ct. at 1348 (discussing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)) ("Since complete diversity did not obtain even as of the date of judgment, and since there was no other basis for federal jurisdiction, this Court reversed the judgment of the Court of Appeals, which had held the case properly removable."); see also Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155 (1900) (applying rule to federal court's original jurisdiction over appointed receiver)