

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-1995

# Korea Exchange v Trackwise

Precedential or Non-Precedential:

Docket 94-5672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Korea Exchange v Trackwise" (1995). *1995 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

NO. 94–5672

_____


KOREA EXCHANGE BANK, NEW YORK BRANCH

v.

TRACKWISE SALES CORP.; MOO SUNG KO; and
YOUNG S. KO,

Appellants

_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 0312–2 : 94–cv–00437)

_____


Argued July 21, 1995

Before:  SLOVITER, Chief Judge, SCIRICA, and
McKEE, Circuit Judges


(Opinion filed  September 14, 1995)
_____


Michael S. Kimm (Argued)
Hackensack, New Jersey 07601

        Attorney for Appellants

Benjamin P. De Sena (Argued)
Wayne, New Jersey 07470

        Attorney for Appellee

1

SLOVITER, Chief Judge.

In this case, we consider a challenge to a district court's order remanding a diversity case as improperly removed by a defendant who was a citizen of the forum state. Under the facts of this case, our jurisdiction to consider this appeal is inextricably intertwined with the district court's authority to remand this action to state court, and thus we consider them together.

I.

Facts and Procedural History

On September 28, 1993, plaintiff Korea Exchange Bank, New York Branch, a citizen of New York State, filed a complaint against defendants Trackwise Sales Corporation, Moo Sung Ko, and Young S. Ko in the Superior Court of New Jersey, Bergen County, Law Division. All three defendants are citizens of New Jersey. In the complaint, Korea Exchange sought to recover on loans it made to defendant Trackwise and to enforce personal guarantees made by the two individual defendants. According to the complaint, the amount in dispute exceeds $300,000.

The complaint was served on Trackwise on December 28, 1993. On January 27, 1994, Trackwise filed a Notice of Removal in the United States District Court for the District of New Jersey, alleging diversity jurisdiction pursuant to 28 U.S.C. §1332. The other two defendants were served after the removal. It appears that thereafter the case lay dormant in the district

2

court for seven and one-half months, although there is a docket entry by a magistrate judge setting a scheduling conference for September 30, 1994. On September 23, 1994, however, the district court sua sponte issued an order summarily remanding the case to state court. In that order, the court stated that "pursuant to 28 U.S.C. [§] 1441(b)" the case was "improperly removed because the defendant is a citizen of the State in which the action was originally brought," and "this deficiency clearly appears on the face of the defendant's Notice of Removal." The court concluded that "pursuant to 28 U.S.C. [§] 1441(c)(4), this court should make an Order for Summary Remand . . . ." Defendants filed a notice of appeal.

## II.

## Discussion

Korea Exchange contends that we lack jurisdiction over defendants' appeal. It relies primarily on 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." In adopting 28 U.S.C. § 1447(d), "Congress sought to make the judgment of a district court remanding a case final and conclusive in order to avoid the delay caused by appellate review of remand decisions." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir. 1995).

The leading case on the preclusion of review effected by section 1447(d) is Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976). A district judge had remanded a properly removed diversity case because of an overcrowded docket,

3

rather than because the "case was removed improvidently and without jurisdiction," the grounds for remand set forth in 28 U.S.C. § 1447(c) at that time. In Thermtron, the Court rejected a challenge to the right of an appellate court to review the remand order, because it construed section 1447(d) as applicable only to those remand orders that rely upon the grounds contained in 28 U.S.C. § 1447(c). Remands issued for reasons "not recognized by the controlling statute," such as the reason given by that district judge, were not insulated from review by section 1447(d). Thermtron, 423 U.S. at 351.

Section 1447(c) was amended by the Judicial Improvements and Access to Justice Act of 1988 to impose a 30-day limit on the time the plaintiff has to file a motion "to remand the case on the basis of any defect in removal procedure." At the same time Congress deleted the "remand improvidently" language from section 1447(c). Thus, the relevant portion of section 1447(c) now reads:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

In Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3d Cir. 1989), the defendant had filed an untimely removal petition and had failed to accompany it with the required surety bond. More than 30 days after the notice of removal was filed, the district

4

court sua sponte remanded the case as having been "improvidently removed," language no longer in the statute. Id. at 65. We first considered whether we had jurisdiction to consider a petition for mandamus challenging that remand, and held that, under Thermtron, section 1447(d) did not preclude review under these circumstances. We concluded that section 1447(d) does not bar review where a district court issues an untimely order of remand pursuant to section 1447(c) due to a "procedural defect" in removal, because "[b]y remanding the case for procedural defects after the thirty day limit imposed by the revised Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'" Id. at 66 (quoting Thermtron, 423 U.S. at 351); accord Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir. 1993), cert. denied, 114 S. Ct. 1100 (1994); In re Shell Oil Co., 932 F.2d 1518, 1520-21 (3d Cir. 1991), cert. denied, 502 U.S. 1049 (1992).

Thus, under this court's prior interpretation of Thermtron, we are precluded by section 1447(d) from reviewing remand orders based on "routine jurisdictional determinations," Liberty Mutual, 48 F.3d at 749; see also Carr v. American Red Cross, 17 F.3d 671, 682 (3d Cir. 1994), but we may review untimely remand orders that are based on "procedural defects." Air Shields, 891 F.2d at 66.

There is no dispute that defendants' removal of this case did not comply with 28 U.S.C. § 1441(b), which provides that actions not involving federal questions "shall be removable only if none of the parties in interest properly joined and served as

5

defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Because defendants are citizens of New Jersey and the case was originally filed in New Jersey state court, the action was not removable.

The question before us then is whether this was a "jurisdictional" defect, which would bar our jurisdiction to review, or whether it was a "procedural" defect, which Air-Shields holds is reviewable. Korea Exchange argues that because the district court's "jurisdiction" is based upon the removal statute, the court lacks "jurisdiction" over any diversity case that is removed by a defendant who is a citizen of the forum state.

Neither of the parties cites controlling Supreme Court precedent, but we are informed by a series of cases in which the Supreme Court consistently refused to treat the removal statute as imposing independent jurisdictional requirements. For example, in Baggs v. Martin, 179 U.S. 206 (1900), a receiver for a railroad appointed by a federal court was sued in state court for injuries and death of a passenger. The receiver removed the action, alleging a federal question because a federal court had appointed him. After the receiver lost on the merits, he appealed, contending, inter alia, that the federal court had not acquired jurisdiction through the removal because his federal appointment did not create a federal question. The Supreme Court assumed that there was no federal question supporting the original removal, but noted that the federal court would have had subject matter jurisdiction over any action brought by the

6

injured party affecting the railroad and its property in the hands of the receiver. Therefore, according to the Baggs Court, the federal court "plainly had jurisdiction to entertain and determine the controversy, whether that jurisdiction was invoked by the parties seeking redress, or, as in this case, by the receiver." Id. at 209. The distinction between subject matter jurisdiction and the detail as to which party may or did bring the case to federal court is an important one, because it arises in the case before us as well.

A comparable issue involving a removed case was presented in Mackay v. Uinta Dev. Co., 229 U.S. 173 (1913). A Wyoming plaintiff filed an action in state court against a citizen of Utah for less than the amount required for diversity jurisdiction in federal court, but the defendant's related counterclaim was for an amount that exceeded the jurisdictional threshold. After the defendant removed the action to federal court, the case was tried without objection. On appeal, the court of appeals certified to the Supreme Court the question whether the manner in which the jurisdiction of the federal court had been invoked by removal undermined its jurisdiction.

The Supreme Court responded that where "there was the requisite amount and the diversity of citizenship necessary to give the United States circuit court [then the trial court] jurisdiction of the cause . . . [t]he case . . . resolves itself into an inquiry as to whether, if irregularly removed, it could be lawfully tried and determined." Id. at 176. The Court concluded that there was no jurisdictional defect, noting that

7

"[r]emoval proceedings are in the nature of process to bring the parties before the United States court." Id. (emphasis added).

The Mackay Court therefore recognized a clear distinction between the removal "process" and restrictions on the subject matter jurisdiction of the federal court over the case. The Court analogized the issue of which party brought the case to federal court to the type of waivable defect such as "any irregularity in docketing the case or in the order of pleadings," and distinguished that type of defect from one affecting the subject matter jurisdiction of the court, which was not waivable.

The rule emerging from these cases was followed in Grubbs v. General Elec. Credit Corp., 405 U.S. 699 (1972), yet another case in which the Supreme Court was presented with the effect of a removal unauthorized by the governing statute. General Electric Credit Corporation (GECC) sued Grubbs in a Texas state court. There was both diversity and the requisite amount in controversy. Grubbs filed a "cross-action" which named the United States as a defendant. The United States filed a petition for removal, and all of the parties treated the effect of the removal petition as placing the entire action in the federal district court. The case proceeded to trial and the district court ruled against GECC on its promissory note claim, awarded Grubbs $20,000 on one of his tort theories, and dismissed all claims by Grubbs against the United States. On GECC's appeal, the court of appeals, on its own motion, determined that the United States' removal of the action had not been authorized under 28 U.S.C. § 1444, and it ordered that the case be remanded

8

to state court because the district court had lacked subject matter jurisdiction over the case.

The Supreme Court reversed. Relying upon Baggs and Mackay, the Court reasoned that where a case has been tried on the merits without objection and judgment has been entered, the relevant issue "is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Grubbs, 405 U.S. at 702. Noting that the original action involved a dispute between diverse parties regarding an amount over the jurisdictional limit, the Court concluded that the district court would have had jurisdiction under 28 U.S.C. § 1332 if the action had originally been brought in federal court. Id. at 704.

Unlike this case, all three cases considered by the Supreme Court had already been tried before the removal to federal court was questioned. Nonetheless, the Supreme Court clearly suggested, even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal courts. Rather, in considering whether jurisdictional defects existed, the relevant inquiry is whether the case could have been filed originally in federal court. See, e.g., id. at 704.

A similar approach was endorsed in Thermtron, where the Court suggested that courts determining whether a removal defect is jurisdictional for purposes of precluding review under 28 U.S.C. § 1447(d) should look to "whether the District Court would

9

have had jurisdiction of the case had it been filed initially in that court . . . ." Thermtron, 423 U.S. at 344 & n.8; see also Allbritton Communications Co. v. N.L.R.B., 766 F.2d 812, 820 (3d Cir. 1985) (citing Grubbs and reiterating that in determining whether a defect is waivable, courts should consider whether the federal court would have had original jurisdiction over the case if it had initially been filed in federal court), cert. denied, 474 U.S. 1081 (1986).

We conclude therefore that an irregularity in removal of a case to federal court is to be considered "jurisdictional" only if the case could not initially have been filed in federal court. In this case, there is diversity of citizenship between the parties and the amount in controversy is in excess of $50,000. Thus, there is no dispute that this case could have been filed originally in federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The invocation of the removal machinery by a citizen of the forum state, while error, is not a "jurisdictional" defect under relevant Supreme Court precedent. Rather, it is a "defect in removal procedure" which can be waived.

Our conclusion that section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional is consistent with the conclusions reached by almost every other court of appeals that has addressed the issue. See, e.g., In re Shell Oil Co., 932 F.2d 1518, 1522 (5th Cir. 1991), cert. denied, 502 U.S. 1049 (1992); Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv. Inc., 903 F.2d 352, 358-60 (5th Cir. 1990);

10

Farm Constr. Serv., Inc. v. Fudge, 831 F.2d 18, 21–22 (1st Cir. 1987); Woodward v. D.H. Overmyer Co., 428 F.2d 880, 882 (2d Cir. 1970), cert. denied, 400 U.S. 993 (1971); Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 436–37 (6th Cir. 1924); see also Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992); contra Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145–46 (8th Cir. 1992). This same position is endorsed by several leading commentators. See 1A James W. Moore, et al., Moore's Federal Practice ¶0.157[11.-4], at 173 (2d ed. 1990) (noting that "an irregularity in removal is waivable" and citing as an example "where there is diversity but the defendant is a citizen of the state in which the action is brought"); William W Schwarzer, et al., Federal Civil Procedure Before Trial, ¶ 2:629 (1994) (noting that the "no-local-defendant" limitation of 28 U.S.C. § 1441(b) is not jurisdictional and may be waived).

Because removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal. See, e.g., Shell Oil, 932 F.2d at 1522–23. We have held that the 30-day time limit of section 1447(c) applies not only to motions brought by a party, but also to sua sponte orders of remand. See Air-Shields, 891 F.2d at 65. It follows ineluctably that the district court in this case had no statutory authority to issue the remand order after the 30-day period because the defect was in the removal procedure rather than a lack of subject matter jurisdiction,

11

which could be raised at any time.  For the same reason, our review of the remand order is not barred by section 1447(d).  <u>Id.</u> at 66.

Korea Exchange emphasizes, but we find irrelevant, that in ordering the remand the district court erroneously cited to 28 U.S.C. § 1441(c)(4), a non-existent subsection, in support of its order of remand.  It appears that the district court intended to rely upon 28 U.S.C. § 1446(c)(4), which provides:

> The United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Korea Exchange contends that because the defect in the removal by the forum-state citizen defendants "clearly appeared on the face of the notice," section 1446(c)(4) provided authority for the remand.  We believe defendants are probably correct that section 1446(c)(4) applies only to removals of criminal prosecutions, but even if it applies to civil cases, that section must be read in conjunction with the 30-day time limit imposed by section 1447(c).

Thus we conclude that our review is not barred, if it was properly invoked.  Defendants in this case filed a notice of appeal.  In <u>Thermtron</u>, the Court suggested that where review is not precluded, issuance of a writ of mandamus is the "appropriate remedy to require the District Court to entertain the remanded action," because "an order remanding a removed action does not

12

represent a final judgment reviewable by appeal."[1]  Id. at 352-53 (quotations omitted).  There is ample support for the proposition that this court may treat a notice of appeal as a mandamus petition.  See United States v. Bertoli, 994 F.2d 1002, 1014 (3d Cir. 1993); Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp., 920 F.2d 1127, 1133 (3d Cir. 1990); In re Pruitt, 910 F.2d 1160, 1167 (3d Cir. 1990).

Use of mandamus is appropriate "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it [has the] duty to do so."  Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).  Because the court improperly remanded a case over which it had subject matter jurisdiction, mandamus is the appropriate mechanism to compel the district court to exercise its jurisdictional authority.

III.

Conclusion

To reiterate, if the removal by a citizen of the forum state meant that the district court lacked subject matter jurisdiction, the district court would not have been subject to the 30-day limit on remanding the case to the state court, and

---

[1]     Our decision in Foster v. Chesapeake Ins. Co., 933 F.2d 1207 (3d Cir.), cert. denied, 502 U.S. 908 (1991), where we reviewed under 28 U.S.C. § 1291 as a collateral order a district court order remanding that case to state court, is not to the contrary when examined closely.  Foster is inapplicable because it falls within the line of cases where, unlike here, the removal was alleged to be in violation of a forum selection clause of a contract.  Accord Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277 (9th Cir. 1984); Regis Assoc. v. Rank Hotels Mgmt. Ltd., 894 F.2d 193, 194 (6th Cir. 1990).

13

this court would have been barred from reviewing its action. Because the irregularity as to the party that removed the case that fell within the district court's diversity jurisdiction was a procedural defect, the district court was limited by the statutory 30-day time period on remand, and our review is not barred.

For the foregoing reasons, we will exercise our discretion to treat defendants' appeal as a petition for a writ of mandamus and will issue a writ requiring the district court to vacate its order of remand.