**George H. FOULKE, Kathleen Foulke, Plaintiffs,**

v.

**Gerald J. DUGAN, Esquire Dugan, Brinkmann, Maginnis And Pace, Defendants.**

**No. CIV. A. 00–5300.**

United States District Court, E.D. Pennsylvania.

June 13, 2001.

Edward J. Ross, Randy P. Catalano, Ross & Rubino, LLP, Westmont, NJ, for plaintiffs.

Eric A. Weiss, Marshall Dennehey Warner Coleman & Goggin, Philadelphia, PA, for defendants.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Before me is plaintiffs' Motion to Remand (Docket Entry No. 3). Plaintiffs ask

that I remand the current action to the Court of Common Pleas of Philadelphia County.[1] For the reasons stated below, I will deny the motion.

### BACKGROUND:

Plaintiffs George and Kathleen Foulke are citizens of New Jersey. Defendants Gerald Dugan, Esq. and his law firm Dugan, Brinkmann, Maginnis and Pace are citizens of Pennsylvania.[2] Plaintiffs filed suit by Writ of Summons in the Court of Common Pleas of Philadelphia County on September 1, 2000[3]. Plaintiffs' complaint alleges legal malpractice. Defendants received the Writ of Summons on or about September 20, 2000.[4] Plaintiffs have not challenged this date. Defendants filed a Motion for Removal on October 18, 2000. In their Petition for Removal, defendants assert, as the basis for removal, diversity of citizenship and an amount in controversy that exceeds $75,000.[5]

On November 13, 2000, plaintiffs filed a Motion to Remand. The motion states, in part, that it relies on the material paragraphs of the "Certification of counsel and Brief in support of Remand."[6] In the arguably material paragraphs of the Certification of counsel, plaintiffs request "that this matter be remanded to the Superior Court of New Jersey, Law Division, Camden County and the Pennsylvania matter be remanded back to Common Pleas Court as a saving action only."[7] The Certifica-

---

1. Plaintiffs request an award of attorney fees and costs, alleging defendants failed to mention their New Jersey law office in their Petition for Removal

2. Certification of Counsel, Randy P. Catalano, ¶ 6

3. Plaintiffs have filed a NJ and a PA action. Plaintiffs requested that the PA case be remanded to state court and preserved as a saving action only. Note confusion of plaintiffs also requesting remand to the NJ Superi-

or Court (Brief in Support of Motion pp10–11)

4. Petition for Removal ¶ 2

5. Petition for Removal ¶ 17

6. Notice of Motion to Remand

7. Certification of Counsel ¶ 8. It appears that counsel prepared one document for the New Jersey and Pennsylvania actions. In the proposed order, however, plaintiffs request remand of the Pennsylvania action only.

tion disputes diversity of citizenship, stating "[t]he current Motion to Remand is based upon defendant, Dugan's, and the law firm's significant, systematic and continuous, contact with the State of New Jersey...."[8] In their Brief in Support of Motion, plaintiffs assert "that Defendants have sufficient contacts with the State of New Jersey to be subject to general jurisdiction,"[9] and that "New Jersey's long-arm rule permits personal jurisdiction over defendants in State Court."[10] Neither in their Motion to Remand, nor in the Certificate of Counsel, nor in their Brief in Support of the Motion do plaintiffs identify any procedural defect in removal. For example, plaintiffs fail to claim that removal was improper, because defendants are citizens of Pennsylvania, the state in which the action was brought.

## DISCUSSION:

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending...."

■ This action is one of original federal jurisdiction because the amount in controversy exceeds $75,000, and the parties are citizens of different states. Plaintiffs are citizens of New Jersey, and defendants are citizens of Pennsylvania. The case was filed in the Court of Common Pleas,

Philadelphia County, a state court. Therefore, the case is removable to the United States District Court for the Eastern District of Pennsylvania, as the district court embracing the place where the action is pending.

To remove a case to federal district court, a defendant must file a notice of removal "within thirty days after the service of summons upon the defendant...."[11] Defendants received the Writ of Summons on or about September 20, 2000. Defendants filed a Motion for Removal on October 18, 2000, within thirty days of receiving the Writ. Therefore, the removal was timely.

Under 28 U.S.C. § 1447(c), motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." The defendants' Notice of Removal was filed on October 18, 2000. Plaintiffs filed their Motion to Remand on November 13, 2000, within the thirty-day time limit for raising procedural defects. Therefore, the Motion to Remand was timely filed.

28 U.S.C. § 1447(c) also provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiffs seem to be raising an objection to subject matter jurisdiction by disputing diversity of citizenship. If the parties were not of diverse citizenship, original jurisdiction under 28 U.S.C. § 1332(a)(1) would be defeated. Plaintiffs challenge the removal by stating, "Defendants have sufficient contacts with the state of New Jersey to be subject to gen-

---

**8.** *Id.* ¶ 7

**9.** Brief in Support of Motion at 5

**10.** *Id.* at 12

**11.** 28 U.S.C. § 1446(b)

eral jurisdiction." [12] The jurisdictional defect alleged by plaintiffs, however, is without merit. Plaintiffs are citizens of New Jersey and defendants are citizens of Pennsylvania. The reasonableness of subjecting defendants to New Jersey jurisdiction is irrelevant to citizenship of the parties. The parties are diverse and the amount in controversy exceeds $75,000. Thus, the action fulfills the requirements for original jurisdiction under 28 U.S.C. § 1332(a)(1).

But, not all actions of original federal jurisdiction are removable. 28 U.S.C. § 1441(b) provides that actions, for which federal jurisdiction is based on diversity of citizenship, are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The federal jurisdiction for this action is based on diversity of citizenship. The action was removed by defendants, who are citizens of Pennsylvania, the State in which the action was brought. Therefore, removal by the in-state defendants was improper under 28 U.S.C. § 1441(b). In their Motion to Remand, however, plaintiffs failed to identify this defect in their removal papers.

■ The Third Circuit has held that removal by an in-state defendant is a procedural defect, not jurisdictional. *Korea Exchange v. Trackwise Sales Corp.*, 66 F.3d 46 (3d Cir.1995). The *Korea Exchange* Court stated, "[b]ecause removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal." *Id.* at 50, 51. If the in-state defendant defect is not raised within thirty days, it will be deemed waived. *Miller v. Riddle Memorial Hospital*, 1998 WL 272167, *7 (E.D.Pa.1998) (citing 66 F.3d 46 at 50, 51).

Although the Third Circuit has ruled in actions in which plaintiffs waived the procedural defect by not filing a timely motion to remand, the Circuit has not addressed its position on remanding actions in which a timely motion to remand failed to articulate the proper procedural defect in removal. *Id., Calloway v. Boro of Glassboro*, 89 F.Supp.2d 543, 548 (D.N.J.2000). The Fifth Circuit has addressed a situation, like the present one, in which plaintiffs objected to removal on grounds irrelevant to the actual in-state defendant defect. *Denman v. Snapper Div.*, 131 F.3d 546 (5th Cir.1998). In *Denman*, plaintiffs alleged a lack of diversity of citizenship. *Id.* The District Court in *Denman* found that diversity of citizenship did exist and that, instead, the plaintiffs should have objected to removal on the basis of an in-state defendant. *Id.* The *Denman* court held that plaintiffs waived the in-state defendant defect by failing to articulate the proper basis for remand within thirty days of removal. 131 F.3d at 548. In our case, in their Motion to Remand, plaintiffs similarly failed to articulate the procedural defect in removal, namely that the defendants were in-state residents. Therefore, because the plaintiffs did not raise the in-state defendant defect within thirty days of the filing of removal, plaintiffs have waived the defect.

■ The only remaining question is whether this court is empowered or required to remand the case on its own. The Third Circuit has held that a district court is not authorized to remand a case, *sua sponte*, because of procedural defects in removal. *FMC Corp. Packaging Sys.*

---

12. Brief in Support of Motion at 5

*Div. v. Medtronic Inc.*, 208 F.3d 445, 451 (3d Cir.2000). The *FMC* Court held that district courts exceed their authority, under 28 U.S.C. § 1447(c), even when making such remands within the thirty-day period.

Therefore, the Motion to Remand is denied. Plaintiffs' request for attorney fees is also denied.

**AND NOW**, this day of June, 2001, it is **ORDERED** that, for the reasons explained above, the plaintiffs' Motion to Remand (Docket Entry No. 3) is **DENIED** without prejudice.