**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2038
_____

Sahar Jallad,
                    Appellant

v.

Felix Madera; Progressive Advanced Insurance Company

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-16-cv-04795)
District Court Judge:  Honorable Robert F. Kelly

Argued on February 7, 2019

(Opinion filed: August 8, 2019)

Before:  HARDIMAN, SCIRICA and RENDELL, <u>Circuit Judges</u>

Howard A. Rosen - Argued
1500 John F. Kennedy Boulevard
Suite 1723
Two Penn Center Plaza
Philadelphia, PA   19102

        Counsel for Appellant

Andrew P. Moore
Andrew Moore & Associates
1132 Old York Road
Abington, PA  19001

Paul F. Recupero - Argued
200 Wales Lance
Malvern, PA   19355
Devon E. Sereda

Hubshman Flood Bullock & Dorn
5165 Campus Drive
Suite 200
Plymouth Meeting, PA   19462

Counsel for Appellee Felix Madera

Kathleen P. Dapper
Robert E. Dapper, Jr.
Burns White
1001 Conshohocken State Road
100 Four Falls, Suite 515
West Conshohocken, PA   19428

Daniel J. Twilla
Burns White
48 26th Street
Pittsburgh, PA   15222

Karl L. Stefan
James W. Watson - Argued
Forry Ullman
150 South Warner Road
Walnut Hill Plaza, Suite 450
King of Prussia, PA   19406

Counsel for Appellee Progressive Advanced Insurance Company

_____

O P I N I O N*

_____

**RENDELL**, <u>Circuit Judge</u>:

Sahar Jallad challenges the District Court's denial of her motion for remand and subsequent dismissal of Felix Madera. She also challenges its denial of her motion for leave to amend her complaint, its denial of her request to admit doctor's notes and records into evidence at trial, and its response to a question submitted by the jury during its deliberations. For the reasons set forth below, we will affirm all but the District Court's dismissal of Madera. We will vacate that ruling and allow Jallad's case against Madera to proceed in federal court.

I.[1]

In an attempt to recover for injuries suffered in a car accident, Jallad sued Madera in Pennsylvania state court for negligence. She filed a separate lawsuit against Progressive in the same court, alleging breach of contract and bad faith in its handling of her insurance claim related to the accident. Progressive, an Ohio corporation with its principal place of business in Ohio, removed the action to federal court on the basis of diversity jurisdiction, since Jallad was a citizen of Massachusetts and the amount in

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

controversy exceeded $75,000. Jallad moved to join Madera and have the case remanded to state court, arguing that joinder of Madera, a citizen of Pennsylvania, would destroy diversity jurisdiction pursuant to 28 U.S.C. §1441(b)(2).[2] In response, Progressive argued, among other things, that Jallad's negligence claim against Madera could not be properly joined with her insurance claims against Progressive under Pennsylvania law. The District Court summarily denied Jallad's motion for joinder and remand, explaining, in a footnote, that "Progressive had a legal right to remove this lawsuit originally" and, according to *Stokes v. Loyal Order of Moose Lodge No. 696*, 466 A.2d 1341 (Pa. 1983), "Plaintiff's negligence claims against Mr. Madera may not be joined in the bad faith claim against Progressive." Order, *Jallad v. Progressive Ins. Co.*, No. 2:16-cv-02384-RK (E.D. Pa. July 13, 2016), ECF No. 11.

Instead of continuing her federal court action against Progressive and her state court action against Madera separately, Jallad voluntarily dismissed both and filed a single lawsuit against both defendants in state court, alleging the same causes of action against each. Progressive again removed the lawsuit to federal court and argued that, although Madera's presence as a forum defendant would prevent removal, his citizenship could be disregarded for jurisdictional purposes because he was fraudulently misjoined. Shortly after its removal to federal court, Progressive moved to sever Jallad's claim

---

[2] 28 U.S.C. § 1441(b)(2), also known as "the forum defendant rule," provides, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

4

against Madera from the lawsuit, essentially repeating its arguments from its notice of removal.

Instead of responding to Progressive's motion to sever, Jallad filed a motion to remand, alleging that "Madera was and is a non-diverse defendant" and, therefore, diversity jurisdiction pursuant to 28 U.S.C. § 1332 did not exist.[3]  Plaintiff's Brief in Support of Her Motion to Remand at 1, *Jallad v. Madera*, No. 2:16-cv-04795-RK (E.D. Pa. Sept. 27, 2016), ECF No. 7-1.  In her motion, she made no mention of 28 U.S.C. § 1441 or the forum defendant rule.  Progressive opposed the motion by, in essence, rehashing its arguments from its notice of removal and motion to sever.  Again citing to *Stokes*, it argued that Madera had been fraudulently misjoined and, therefore, his citizenship may be disregarded for jurisdictional purposes.  Progressive also made no mention of 28 U.S.C. § 1441 or the forum defendant rule in its opposition.

The District Court agreed with Progressive, denied Jallad's motion to remand, and dismissed Madera from the action.  It first noted that, although complete diversity between the parties existed, the forum defendant rule would normally block removal because Madera is a citizen of Pennsylvania.  But the District Court recognized that the doctrine of fraudulent joinder allows removal of an action "despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction."  A. 10 (quoting *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa 2012)) (internal quotation

---

[3] Neither in her motion to the District Court nor on appeal does Jallad dispute that she, Madera, and Progressive are citizens of three different states.

5

marks omitted).  It also stated that a finding of fraudulent joinder allows a district court to disregard the citizenship of any fraudulently joined defendants for jurisdictional purposes and dismiss those defendants to retain jurisdiction over the remainder of the case.

Following a recitation of the principles of fraudulent joinder, the District Court proceeded to analyze the case at hand.  The District Court focused its fraudulent joinder analysis on *Stokes* and concluded that "*Stokes* does not permit Jallad to bring this singular action against Madera based on a negligence claim regarding the causation of the motor vehicle accident and Progressive for breach of contract and bad faith pertaining to insurance coverage."  A. 14.  Thus, it found that "there is no reasonable basis in fact or colorable ground supporting Jallad's joining of the tort claim against Madera with the insurance claim against Progressive," held that Madera was fraudulently joined, and dismissed him from the suit.  A. 15.  Because Progressive, the remaining defendant, was diverse from both Jallad and the forum, the District Court denied Jallad's motion to remand and denied Progressive's motion to sever Madera as moot.  Jallad appealed to this Court.  We determined that the District Court's dismissal of Madera was not a final judgment and dismissed her appeal for lack of jurisdiction.

The action proceeded in federal court against Progressive.  After the close of fact discovery and on Progressive's motion for summary judgment, the District Court dismissed Jallad's bad faith claim.  Progressive then notified Jallad that it intended to file a motion in limine to preclude evidence at trial of her income loss and medical expenses, since she had not stated a claim for recovery of first party benefits.  In response, Jallad moved for leave to amend her complaint four days before the start of trial.  Progressive

6

opposed this motion, arguing undue delay and prejudice.  The District Court agreed, denying Jallad's motion because "there was an unreasonable delay and . . . the amendment at this time would cause an unreasonable hardship on [the] defense, [since] they have conducted their discovery based upon [the] underinsured motorist claim."  A. 33.

Jallad's breach of contract claim proceeded to a jury trial.  During Jallad's case-in-chief, Dr. Lipton, her treating physician, testified via videotaped deposition to the dates he examined and treated Jallad, his diagnoses from those meetings, medical history provided by Jallad, his review of an MRI, and the fact that he provided out-of-work notes to her.  Jallad's attorney attempted to admit some of his notes and records into evidence, arguing that the evidence was necessary because Dr. Lipton did not "go through each one" in his testimony.  A. 461-62.  Counsel for Progressive objected, arguing that the evidence was cumulative and that because "Dr. Lipton was a testimonial witness[,] . . . [n]othing [had] precluded counsel from asking about each and every report he wanted to go through."  A. 462.  The District Court sustained this objection and refused to admit the records and notes as evidence.

After the close of evidence, the case was submitted to the jury.  During deliberations, the jury returned with a number of questions, one of which read, "How was employment terminated with My Alarm [Center, one of Jallad's previous employers]?  Resignation letter?  Doctor [sic] note?  No show?"  A. 584.  Over objection from Jallad's counsel, the District Court responded, "[T]here is nothing in the record to answer that

7

question, and we can't add to the record at this point." A. 600. The jury ultimately returned a verdict for Progressive, and Jallad filed this timely appeal.

## II.[4]

On appeal, Jallad raises four issues: (1) whether the District Court erred in denying her motion to remand and dismissing Madera from the lawsuit on the basis that he was fraudulently joined; (2) whether the District Court abused its discretion by denying her leave to file an amended complaint; (3) whether the District Court abused its discretion by denying the admission of Dr. Lipton's records and notes into evidence; and (4) whether the District Court abused its discretion in its response to the jury's question.

## A.

We first consider whether the District Court erred in denying Jallad's motion to remand and dismissing Madera from the suit. Jallad urges us to vacate the District Court's order because it did not apply the proper standard for fraudulent joinder or, in the alternative, because it misapplied *Stokes*. Both Madera and Progressive argue that *Stokes*

---

[4] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332. Because the District Court's entry of judgment in favor of Progressive constituted a final decision, this Court has jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Jallad's motion to remand and its dismissal of Madera *de novo*, *see Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009). We review its denial of a motion for leave to amend a complaint, its ruling on admissibility of evidence, and its response to the jury's question for abuse of discretion. *Connors v. Bethlehem Mines Corp.*, 862 F.2d 461, 463 (3d Cir. 1988) (motion for leave to amend); *United States v. Lee*, 612 F.3d 170, 184 n.14 (3d Cir. 2010) (admissibility issues); *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009) (jury instructions where the district court has accurately stated the law).

controls and requires dismissal of Madera.[5] Our resolution of this appeal, however, does not require consideration of either fraudulent joinder or *Stokes*.

In her motion to remand, Jallad claimed that diversity jurisdiction did not exist because Madera is not a diverse party. However, she did not substantiate that claim with any assertions or showings that he shares citizenship with her in contravention of 28 U.S.C. § 1332. On appeal, Jallad has abandoned that argument. Indeed, she avers that Madera is a Pennsylvania citizen and, therefore, concedes that he is diverse, but pursues a different argument: that the forum defendant rule requires remand. Although she correctly asserts that Madera is a forum defendant, 28 U.S.C. § 1441(b)(2) is a non-jurisdictional provision, and an argument that it applies to a particular case can be waived. *See Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (concluding that the forum defendant rule is not jurisdictional). Because she failed to

---

[5] On appeal, the parties have primarily focused on the forum defendant rule, 28 U.S.C. § 1441(b)(2). And at oral argument, Appellees introduced a new argument that had not been included in their briefs or in a Rule 28(j) Letter to the Court. Relying on our recent holding in *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018), Appellees argued that Madera was not "properly joined and served" when the case was removed to federal court because Progressive filed its notice of removal in federal court before Madera was served. Therefore, according to Appellees, the case was properly removed since the forum defendant rule did not apply to prevent its removal. In subsequent supplemental briefing, Jallad disputed the timing of removal, arguing that, because Madera had been served by the time Progressive completed all of the steps of removal required by 28 U.S.C. § 1446, the forum defendant rule applied. While these arguments present interesting issues that have yet to be addressed by this Court, as we noted above, neither party raised any issue relating to the forum defendant rule before the District Court. And, as discussed below, because that statute is non-jurisdictional, any argument as to its applicability may be waived. *See Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (holding that the forum defendant rule is non-jurisdictional). Therefore, we decline to address those arguments here.

raise it below, we will not consider its application here. Therefore, we will affirm the District Court's denial of her motion to remand because she did not allege a colorable basis for granting it.

Because the District Court denied Jallad's motion to remand on other grounds, namely, that Madera was "fraudulently joined," it also dismissed Madera from the suit. Regardless of whether or not it properly applied the doctrine of fraudulent joinder, the District Court's dismissal of Madera was in error. Our case law makes clear that the concept of fraudulent joinder allows a court to assume jurisdiction over the case notwithstanding the presence of a *nondiverse* defendant and then dismiss that defendant. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) ("If the district court determines that the joinder was 'fraudulent' . . . , the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the *nondiverse* defendants, and thereby retain jurisdiction.'" (emphasis added)) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). As noted above, Madera is a diverse party. Therefore, even if he had been fraudulently joined, his presence would not have destroyed jurisdiction, and he should not have been dismissed pursuant to that doctrine. Thus, we will vacate the District Court's dismissal of Madera from the suit.

Once remanded to the District Court, the case against Madera can proceed. We do not believe that Madera's absence from the trial against Progressive requires us to disturb that verdict. Jallad's claims against Progressive were distinct from her claims against Madera, there were no cross claims pled, and there is no basis on which they had to be tried together.

10

B.

Next, we turn to the District Court's denial of Jallad's motion for leave to amend her complaint to include a claim for recovery of first party benefits. Jallad argues that delay alone is insufficient to deny such a request and that there must also be prejudice against the defendant. And she claims that Progressive would not be prejudiced by allowing her leave to amend because Progressive was aware of Jallad's intent to pursue recovery of these benefits. We disagree.

"A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272–73 (3d Cir. 2001). Here, the District Court correctly found that the delay was both undue and prejudicial. Jallad's motion came almost two years after she initiated this action in state court and only four days before the start of trial, and all of the facts required for her to plead this additional claim were available to her before she filed her original complaint. *See id.* at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint."); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (affirming the denial of a motion for leave to amend a complaint where three years had passed between the filing of the original complaint and the proposed amendment and where the plaintiff had access to most of the facts before she filed her original complaint). Moreover, allowing Jallad to amend her complaint at this stage would require "additional discovery, cost, and preparation to defend against new facts or new theories," all of which would unduly prejudice Progressive. *Cureton*, 252 F.3d at 273. Accordingly, we

11

will affirm the District Court's denial of Jallad's motion for leave to amend her complaint.

C.

Jallad also challenges the District Court's denial of her request to admit Dr. Lipton's disability notes and records into evidence. She claims that the notes and records were authenticated by Dr. Lipton and would have corroborated his and Jallad's testimony. She also argues that the District Court's ruling affected the jury's verdict because the jury's questions indicated that it either did not recall or did not credit Dr. Lipton's testimony. Progressive contends that the District Court did not err because Dr. Lipton did not testify as an expert, he did not authenticate any of his notes or records, and the evidence would have been cumulative, since he did testify that he restricted Jallad's work by making specific reference to his notes. Because this evidence was never authenticated and because Dr. Lipton testified to the existence and contents of the records and notes in his videotaped deposition, we agree with Progressive that the District Court did not abuse its discretion in excluding this evidence at trial.

D.

Finally, Jallad challenges the District Court's response to the jury's question asking how her employment with My Alarm Center was terminated. Specifically, she claims that "the jury's fact-finding role . . . was undermined by the trial court's charge" and that the jury's question could have been implicitly answered by testimony given at trial and admitted evidence. Br. for Appellant at 27. However, the evidence that Jallad argues answers this question—Dr. Lipton's testimony that he restricted her ability to

12

work, her testimony that her injuries prevented her from working, and documents showing her approved twelve week leave of absence—only shows restrictions placed on her ability to work. Indeed, Jallad admits that the evidence would not have directly answered the jury's question; instead, she argues that the jury could have made a "reasonable inference from" it. Br. for Appellant at 29. Because the District Court's response accurately reflected that none of the evidence admitted at trial addresses the ultimate termination of her employment with My Alarm Center, the Court did not abuse its discretion.

## III.

For the foregoing reasons, we will affirm the District Court's denial of Jallad's motions for remand and for leave to amend her complaint, its denial of admission of Dr. Lipton's records and notes into evidence, and its statement in response to the jury's question; and we will vacate its dismissal of Madera and remand for further proceedings.