**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3278
_____

ANDERSON EXCAVATING LLC,
                                        Appellant

v.

WEISS WORLD LP; MONONGALIA COUNTY COAL CO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:22-cv-00512)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 24, 2023

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: December 8, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Seeking to access its mineral rights estate beneath a parcel of land, Monongalia County Coal Company hired Anderson Excavating LLC to perform preparatory construction. When Monongalia failed to pay for those services, Anderson Excavating filed suit in state court to enforce a mechanic's lien against both Monongalia and the owner of the surface estate, Weiss World LP. After the case was removed to federal court, the District Court dismissed the action. Discerning no error in the District Court's analysis, we will affirm.

I.

This appeal concerns a 99.6-acre plot of land in Greene County, Pennsylvania. In 1911, the subsurface mineral rights were severed from the surface estate and transferred to Monongalia's predecessor in interest. The Weiss family purchased the surface estate in 1971 and later conveyed it to Weiss World LP. The deed of transfer expressly stated that it did not convey any interest in the subsurface mineral rights.[1]

In 2015, Monongalia (which then owned the mineral rights estate) hired Anderson Excavating to provide construction work necessary to access the subsurface minerals beneath the parcel. Weiss World initially refused to allow Monongalia to use any portion of the surface estate for the operation, but after litigation it entered into an easement

---

[1] Pennsylvania law "recognizes three separate estates in land which can be held in fee simple separate and distinct from each other: the surface estate, the mineral rights estate[,] and the support estate." *Captline v. County of Allegheny*, 662 A.2d 691, 692 n.1 (Pa. Commw. Ct. 1995).

agreement allowing Monongalia to use 2.7 acres of the surface property to build a storage area and sediment pond in connection with the planned mining operation. The agreement did not permit Monongalia to use or travel on any other part of the Weiss World property.

Although the easement agreement required Monongalia to use a public road to reach the site, the Pennsylvania Department of Environmental Protection later denied the company's request to do so. Monongalia then moved for an injunction permitting it to construct its own access road in contravention of the easement agreement. Over stiff opposition from Weiss World, a state court granted Monongalia's motion.

Anderson Excavating completed all contracted construction in September 2019. But Monongalia did not pay Anderson Excavating for $392,788.70 of work, and then Monongalia filed for bankruptcy. Anderson Excavating subsequently filed a mechanic's lien against both the surface and subsurface estates in the Pennsylvania Court of Common Pleas. Because it could not obtain payment from Monongalia due to the bankruptcy proceedings, Anderson Excavating sued Weiss World to enforce the lien.[2]

Weiss World removed the action to the United States District Court for the Western District of Pennsylvania[3] and moved to dismiss the action under Rule 12(b)(6). The District Court granted the motion, concluding that Anderson Excavating could not

---

[2] Anderson Excavating also named Monongalia as a defendant, but it acknowledged in the complaint that it was not pursuing its claim against Monongalia because of the ongoing bankruptcy proceedings.

[3] Weiss World is a Pennsylvania citizen, meaning that removal was improper under 28 U.S.C. § 1441(b)(2). But Anderson Excavating did not contest Weiss World's removal, and § 1441(b)(2) is not jurisdictional. *See Kor. Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995).

3

enforce a mechanic's lien against Weiss World's estate for two reasons: (1) Weiss World's surface estate was distinct from Monongalia's subsurface estate, and (2) Anderson Excavating was neither a contractor nor a subcontractor to Weiss World within the meaning of the Pennsylvania Mechanics' Lien Law, 49 Pa. Stat. Ann. §§ 1101–1902 (West).  So it dismissed the claim against Weiss World with prejudice. And because Anderson Excavating did not plead any claims against Monongalia, it terminated Monongalia as a defendant.

Anderson Excavating timely appealed, challenging the District Court's conclusion that the mechanic's lien was unenforceable against Weiss World's surface estate.

II.

We have jurisdiction over "appeals from all final decisions of the district courts of the United States" pursuant to 28 U.S.C. § 1291.  We exercise *de novo* review of orders granting motions to dismiss.  *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). "When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint," *id.*, but we reject "unsupported conclusions," "unwarranted inferences," and legal conclusions couched as factual allegations, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

## III.

The Pennsylvania Mechanics' Lien Law of 1963 sets out the conditions under which parties may place a lien on property. Generally speaking,

> every improvement and the estate or title of the owner in the property shall be subject to a lien . . . for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement[.]

49 Pa. Stat. Ann. § 1301(a). The statute specifies that "[n]o lien shall be allowed in favor of any person other than a contractor or subcontractor," as defined by the statute. *Id.* § 1303(a); *Murray v. Zemon*, 167 A.2d 253, 255 (Pa. 1960) ("The right to file a mechanics' lien must have a contract as its basis.").

A "contractor" is anyone who, "by contract with the owner, express or implied, erects, constructs, alters[,] or repairs an improvement or any part thereof or furnishes labor . . . or supplies" in aid of such a project. 49 Pa. Stat. Ann. § 1201(4). Similarly, a "subcontractor" is anyone who, "by contract with the contractor, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied," provides any of the same labor or materials to such a project. *Id.* § 1204(5).

Anderson Excavating does not claim it was a contractor to Weiss World. Instead, it argues that its relationship with Monongalia made it Weiss World's subcontractor, thus entitling it to place a lien on Weiss World's surface estate. We disagree.

Monongalia's easement agreement with Weiss World did not turn Anderson Excavating into Weiss World's subcontractor. The easement, by its express terms, gave

5

Monongalia a limited right to use a small portion of the surface estate for its own subsurface access. The agreement's sole purpose was to enable Monongalia to expand its mining operations and recover minerals. It did not direct Monongalia to construct or repair any improvements for the benefit of Weiss World, and Weiss World never paid or promised to pay Monongalia for any services.

Anderson Excavating is correct that the construction it did on behalf of Monongalia took place on the surface property. But the Pennsylvania Supreme Court has made clear that "[t]he right to the lien arises not from the act of furnishing the labor and materials, but rather from the debt arising therefrom." *Murray*, 167 A.2d at 255. Here, the debt underlying the attempted lien arose solely from Anderson Excavating's contract with Monongalia—not from any express or implied contract with Weiss World.

Each alleged improvement furnished by Anderson Excavating was to benefit Monongalia's subsurface estate. The easement even required Monongalia to restore the surface estate to its original condition after the conclusion of mining operations. Weiss World did not seek or intend to use any of Anderson Excavating's improvements. As a result, Anderson Excavating cannot show that the limited 2017 easement between Monongalia and Weiss World was a contract for the "improvements" that Weiss World vehemently opposed and never benefited from.[4]

---

[4] Even though Anderson Excavating was a Monongalia contractor, the District Court correctly concluded that the 2017 easement did not provide Monongalia with a shared, lienable interest in the surface estate. Under Pennsylvania law, the owner of a subsurface estate has an implied right to use the surface property to the extent necessary for mining

6

Anderson Excavating thus has no ability to enforce a lien against Weiss World. *See* 49 Pa. Stat. Ann. § 1303(a).

## IV.

For the foregoing reasons, we will affirm the District Court's dismissal of the suit.

---

purposes. *Oberly v. H. C. Frick Coke Co.*, 104 A. 864 (Pa. 1918). But that implied right does not convey any ownership interest in the surface estate. *See Chartiers Block Coal Co. v. Mellon*, 25 A. 597, 598–99 (Pa. 1893); *see also Captline*, 662 A.2d at 692 n.1 (explaining that the surface and subsurface estates may "be held in fee simple separate and distinct from each other").