**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3224

_____

SERGEI KOVALEV,
                                        Appellant

v.

LIDL US, LLC; LIDL US OPERATIONS, LLC; H & S BAKERY, INC.; H&S
HOLDINGS CORP.; LIDL STIFTUNG & CO. KG; DOES 1 through 10 (fictitious
defendants with as-yet-unknown identities), inclusive

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-03300)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 14, 2025

Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed November 12, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se litigant Sergei Kovalev, a frequent filer in the federal courts, challenges numerous orders issued by the District Court in this diversity action that stems from Kovalev's allegations that he got sick from eating moldy bread that he purchased at a Lidl supermarket. For the reasons that follow, we will affirm.

I.

In March 2021, Kovalev purchased eight loaves of Lidl 12-grain, sliced bread from a Lidl supermarket in Philadelphia. According to Kovalev, what happened afterward was as follows. He opened one of the packages and consumed the loaf over the course of the next two days. During that period, he "experienced difficulty breathing[,] abdominal pain[,] and discomfort." Dist. Ct. Dkt. No. 34, at 17. He subsequently opened and started eating some of the bread from one of the other packages. At some point thereafter, he "became violently sick with nausea, vomiting, abdominal pains and cramps, and severe general malaise." Id. He then examined the remaining bread and "discovered multiple areas of fungus contamination on numerous slices of the bread." Id. He alleges that "[s]evere food poisoning symptoms continued for several days," and that, "even later," he "continued suffering from abdominal discomfort, some pain, and respiratory issues." Id.

In view of the above, Kovalev filed a pro se tort action in Pennsylvania state court against Lidl US, LLC ("Lidl US") and 10 Doe defendants. Lidl US "creates and distributes Lidl food products and supplies with the assistance of other entities." Dist. Ct.

2

Dkt. No. 75, at 6.  The complaint raised numerous causes of action, implicating the "design[]," "manufacture[]," distribution, and sale of the bread.  See, e.g., Dist. Ct. Dkt. No. 1-1, at 11.

The complaint did not specify how much in damages Kovalev was seeking.  But he later clarified in a case-management-conference memorandum that he was seeking over $100,000 in compensatory damages and $1 million in punitive damages.  See id. at 26.  Twenty-eight days after Kovalev prepared that memorandum, Lidl US Operations, LLC ("Lidl Operations"), which operates and maintains Lidl's supermarket chain, removed the case to the District Court based on diversity of citizenship.[1]  Kovalev then moved to remand the case to state court, arguing, inter alia, that the notice of removal was untimely, and that removal was otherwise improper because Lidl Operations was not a defendant in the case.  The District Court denied that motion to remand on September 21, 2021.

In February 2022, Kovalev filed an amended complaint in the District Court.  In doing so, he elected to add several named parties, including Lidl Operations.  The amended complaint, which invoked the District Court's diversity jurisdiction, raised 11 causes of action.[2]

---

[1] Both Lidl US and Lidl Operations fall under the umbrella of Lidl Stiftung & Co. KG, a German limited partnership organized under German law.  They are represented in this matter by the same counsel.

[2] The amended complaint concerned not only the 12-grain bread that Kovalev purchased in March 2021, but also four packages of Lidl white bread that he purchased from another Lidl supermarket in June 2021.  According to Kovalev, after he opened one of those

The defendants subsequently moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). On December 22, 2022, the District Court entered an order granting in part and denying in part those motions. That order permitted four of Kovalev's claims to proceed against a subset of the defendants.

Thereafter, Kovalev filed a second motion to remand the case to state court. This time, he argued that, since the defendants had rejected his offer to settle the case for an amount below the threshold for the District Court's diversity jurisdiction,[3] remand was warranted because the District Court no longer had jurisdiction over the case. On September 5, 2023, the District Court denied that motion, explaining that, for purposes of diversity jurisdiction, the amount in controversy is determined when the pleading is filed.

Next, the remaining defendants moved for summary judgment with respect to the surviving claims from Kovalev's amended complaint. Meanwhile, Kovalev filed a third motion to remand, reiterating his argument that the removal of the case was improper because, at the time of removal, Lidl Operations was not a defendant. On July 29, 2024,

packages and started eating the bread, he noticed a "black substance" on a part of the remaining bread. Dist. Ct. Dkt. No. 34, at 18. He "was unable to figure out" if he had consumed any of that substance. Id. at 20. But he claimed that "[t]he offensive Lidl's product left [him] appalled and severely traumatized," and that it caused him to lose sleep and "suffer[] extreme mental anguish and loss of enjoyment of life." Id.

[3] To trigger diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). There must also be complete diversity of citizenship among the parties. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 375-76 (3d Cir. 2005) (citing 28 U.S.C. § 1332(a)). The District Court concluded that there is complete diversity of citizenship in this case, and we agree with that conclusion.

the District Court denied the third motion to remand. And on October 31, 2024, the District Court granted the motion for summary judgment.

Kovalev subsequently filed a motion for reconsideration, arguing that the District Court's summary-judgment decision should be vacated, and the case remanded to state court, because Lidl Operations had not been a defendant when it removed the case. While that motion was pending, Kovalev filed this appeal, challenging the District Court's five orders that, collectively, denied his three motions to remand, dismissed some of his claims, and granted summary judgment against him with respect to his remaining claims. Thereafter, on December 20, 2024, the District Court denied Kovalev's motion for reconsideration. Although the District Court now agreed with Kovalev that this case had been removed improperly because Lidl Operations was not a defendant at the time of removal, the District Court concluded that reconsideration was not warranted because Kovalev had "waived his right to challenge Lidl [] Operations' removal when he cured the removal defect by filing an Amended Complaint naming Lidl [] Operations as a [d]efendant." Dist. Ct. Dkt. No. 154, at 8.

After the District Court entered its order denying reconsideration, Kovalev amended his notice of appeal to include a challenge to that order. This appeal is now ripe for disposition.[4]

## II.

---

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We begin by outlining the scope of our review. Kovalev's 52-page appellate brief does not meaningfully challenge (1) the District Court's decision dismissing some of his claims, or (2) the District Court's summary-judgment analysis of three of the four claims that survived dismissal. Accordingly, we deem those issues forfeited. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited."); Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this [C]ourt." (internal quotation marks omitted)); see also United States v. Gonzalez, 905 F.3d 165, 206 n.18 (3d Cir. 2018) (deeming forfeited an argument that a party sought to incorporate by reference to submissions in the district court). What remains for our review are the District Court's decisions denying Kovalev's motions to remand, the District Court's grant of summary judgment with respect to his strict-liability claim (the one preserved claim from the District Court's summary-judgment decision), and the District Court's denial of reconsideration.[5]

We see no reason to disturb the District Court's decisions denying Kovalev's

---

[5] We exercise plenary review over the District Court's decisions denying Kovalev's motions to remand, see Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 151 (3d Cir. 2018), and over its decision to grant summary judgment with respect to his strict-liability claim, see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). We review the District Court's decision denying reconsideration for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. See United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

motions to remand or its decision denying his motion for reconsideration (a motion that merely recycled his principal argument in support of remand). Contrary to Kovalev's contention, the notice of removal was timely, as it was filed within 30 days of his case-management-conference memorandum, which made it ascertainable, for the first time, that the amount in controversy was over $75,000. See 28 U.S.C. § 1446(b)(3). Furthermore, any offers made or rejected during settlement negotiations did not strip the District Court of its diversity jurisdiction. See Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395-96 (3d Cir. 2016) (explaining that "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed," and that "[s]ubsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction" (citation to quoted case omitted)); see also Kovalev v. Walmart Inc., No. 24-1459, 2025 WL 1743034, at *2 (3d Cir. June 24, 2025) (per curiam) (non-precedential) (reaching same conclusion in another of Kovalev's appeals). Lastly, although Kovalev is correct that Lidl Operations was not a named defendant when it removed this case, Kovalev subsequently forfeited his challenge to that procedural, non-jurisdictional defect by choosing to add Lidl Operations as a defendant when he filed his amended complaint. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995); cf. In re Asbestos Prods. Liab. Litig. (No. VI), 921 F.3d 98, 105 (3d Cir. 2019) (stating, in the personal-jurisdiction context, that a party's actions "may amount to a legal submission to the jurisdiction of the court," even where that party had objected to the court's exercising jurisdiction over that party

7

(citation to quoted case omitted)).[6]

We also see no reason to disturb the District Court's decision to grant summary judgment against Kovalev with respect to his strict-liability claim. To prevail on a strict-liability claim under Pennsylvania law,[7] the plaintiff must show "(1) that the product was defective; (2) that the defect was a proximate cause of the plaintiff's injuries; and (3) that the defect causing the injury existed at the time the product left the seller's hands." Sikkelee v. Precision Airmotive Corp., 907 F.3d 701, 710 (3d Cir. 2018) (citation to quoted case omitted). Kovalev has not met this standard. To the extent that his strict-liability claim concerns the 12-grain bread that he consumed, he has not put forth evidence demonstrating that this bread was moldy (or otherwise defective) when it left the defendants' hands.[8] As for the white bread that Kovalev purchased, he has failed to put forth evidence that the "black substance" that he found in the bread proximately caused any injury. See Nitkin v. Main Line Health, 67 F.4th 565, 571 (3d Cir. 2023) (explaining that, to survive a motion for summary judgment, a plaintiff "must point to concrete evidence in the record that supports each and every essential element of his

---

[6] "[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." Korea Exch. Bank, 66 F.3d at 50. That situation is not presented here.

[7] Pennsylvania's substantive law governs this claim. See Sodexo MAGIC, LLC v. Drexel Univ., 24 F.4th 183, 204 (3d Cir. 2022).

[8] In view of this determination, we need not decide whether Kovalev could meet, with respect to his claim about the 12-grain bread, the first two prongs of the strict-liability standard.

case" (citation to quoted case omitted); id. ("Although we view all facts in the light most favorable to a plaintiff opposing summary judgment and draw all reasonable inference[s] in [his] favor, . . . [he] may no[t] . . . rest upon the mere allegations or denials of his pleadings. Nor will [b]are assertions, conclusory allegations, or suspicions suffice." (last alteration in original) (internal quotation marks and citation omitted)).[9]

In view of the above, we will affirm the District Court's judgment.

---

[9] We need not decide whether Kovalev could meet, with respect to his claim about the white bread, the other two prongs of the strict-liability standard.